IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALIM SAID et al., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, DONALD RUMSFELD, )<br>ARMY BRIG. GEN. JAY HOOD, and ARMY )<br>COL. MIKE BUMGARNER, )<br>)<br>Respondents. )<br>)<br>) | No. 1:05 CV 02384<br>(RWR) |

**PETITIONERS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION**

Petitioners Salim Said, Anwar Handan Al Shimmiri, Saad Al Qahtaani, Bandar Al Jaabir and Mohammed Zahrani ("Petitioners) have moved this Court to issue an order requiring Respondents to explain in writing why they are continuing to detain Petitioners in the Guantánamo Bay detention facility, including but not limited to the unredacted so-called "factual returns" which resulted from hearings regarding Petitioners before the Combatant Status Review Tribunal (CSRT) within 14 days, or on a date certain within a reasonable time after the order is entered.

**STATEMENT OF FACTS**

Petitioners Salim Said, Anwar Handan Al Shimmiri, Saad Al Qahtaani, Bandar Al Jaabir and Mohammed Zahrani are all Saudi citizens.  On information

and belief, they are presently incarcerated at Guantánamo and have been held virtually incommunicado in Respondents' custody and control for approximately four years.

On December 13, 2005, Petitioners, by their attorneys, filed a Petition for Writ of *Habeas Corpus* (the "Petition") in this Court. The Petition contests both the fact of the Petitioners' incarceration as well as their inhumane treatment in violation of the Constitution and laws of the United States, the Uniform Code of Military Justice, specified treaties to which the United States is a party, and various principles of international law, as set forth more fully in the Petition. The original petition in this case was served on the United States Attorney on December 13, 2005. Service also was effected the same day through certified mail, pursuant to Fed. R. Civ. P. 4(i)(1)(B), on the United States Attorney General. Trial Attorney Andrew I. Warden of the Federal Programs Branch of the United States Department of Justice's Civil Division, who is coordinating all of the parallel Guantánamo Bay cases for the Respondents, was sent an electronic PDF copy of the Petition on the same day. Each Respondent was also individually served by U.S. certified mail.

Pursuant to 28 U.S.C § 2243, the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." No return has yet been filed.

On information and belief, Respondents' agents have interrogated Petitioners on numerous occasions and are well aware of the reasons why Petitioners are being held in prison. Respondents have acknowledged that the Department of Defense completed so-called "military tribunal" hearings at which each detainee's "enemy combatant" status and their detention generally were reviewed. *See* "U.S. Says 3 at Guantánamo Not Enemy Combatants," *Reuters*, Feb. 3, 2005 ("The status hearings before panels of three military officers were finished at Guantánamo before [Judge] Green ruled" on January 31, 2005, Pentagon Spokesman Lt. Cmdr. Daryl Borgquist is quoted as saying, and that "It's a matter of processing the paperwork now because the tribunals have all occurred.").

## ARGUMENT

Pursuant to 28 U.S.C. § 2243, "a court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Further, Respondents have agreed that "§ 2241 and its companion provisions [including § 2243] provide at least a skeletal outline of the procedure to be afforded a petitioner in federal *habeas* review." *Hamdi v. Rumsfeld,* No. 03-6696, 542 U.S. 507, 124 S.Ct. 2633, 2644 (2004). .

The effects of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X., 119 Stat. 2680 ("DTA") on pending habeas cases have yet to be determined. However, the consideration and interpretation of the DTA does not pose an obstacle to this Court ordering a factual return in this case. The DTA sets forth procedures under which prisoners at Guantánamo have the opportunity to challenge their enemy combatant status determinations. The Guantánamo prisoners have been guaranteed the right to present their claims on appeal even under the narrow provisions of the DTA, hence they have a concomitant right of access to counsel. *Cf. Al Odah v. U.S.*, 346 F. Supp. 2d 1, 5-8 (D.D.C.. 2004) (CKK). In *Al Odah*, Judge Kollar-Kotelly found "that Petitioners cannot be expected to exercise" their "right" to pursue legal proceedings "without the assistance of counsel." *Id.* at 8. Judge Kollar-Kotelly observed that access to counsel was absolutely necessary in order to allow Petitioners any meaningful opportunity to "grapple with the complexities of a foreign legal system." *Id.* at 8. Therefore, even if it is eventually determined that the DTA precludes habeas jurisdiction in this Court, Petitioners' undersigned lawyers still need the factual return to represent Petitioners in the proceedings provided by the DTA.

Because the Respondents have had years to evaluate the "enemy combatant" status of Petitioners, and to review evidence relating to why Petitioners are still

detained, Respondents should not need more than 14 days to provide the requested explanation as to why they are continuing to detain Petitioners.

Petitioners' lawyers have seen orders of the kind sought in this motion entered in 27 cases by nine judges of this District, including the following orders granting similar relief by this Court:

1. *El Banna et al. v. Bush*, No. 04-CV-1144 (D.D.C. April 8, 2005);

2. *Abdullah et al. v. Bush*, No. 05-CV-23 (D.D.C. April 8, 2005);

3. *Al Rashaidan et al. v. Bush*, No. 05-CV-586 (D.D.C. April 8, 2005);

4. *Slahi v. Bush*, No. 05-CV-881 (D.D.C. June 12, 2005);

5. *Chaman v. Bush*, No. 05-CV-587 (D.D.C. May 12, 2005);

6. *Adem v. Bush*, No. 05-CV-723 (D.D.C. June 6, 2006);

7. *Al Daini et al. v. Bush*, No. 05-CV-634 (D.D.C. June 6, 2006);

8. *Ahmed v. Bush*, No. 05-CV-665 (D.D.C. July 8, 2005);

9. *Algatele et al. v. Bush*, No. 05-CV-1669 (D.D.C. Nov. 1, 2005);

10. *Hamoud v. Bush*, No. 05-CV-1894 (D.D.C. Nov. 1, 2005); and

11. *Othman v. Bush*, No. 05-CV-2088 (D.D.C. Dec. 28, 2005).

CHICAGO_1384505_2

Dated: March 23, 2006

Respectfully submitted,

/s/ David W. DeBruin
David W. DeBruin
JENNER & BLOCK LLP
601 Thirteenth Street, N.W., Suite 1200
Washington, D.C. 20005-3823
Tel: (202) 639-6000
Fax: (202) 639-6066

Thomas P. Sullivan
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Tel: (312) 923-9350
Fax: (312) 527-0484

*Of Counsel*
Barbara Olshanksy (BO3635)
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

Attorneys for Petitioners

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the Motion, Petitioners' Memorandum of Law in support of Motion and Draft Order were served upon the following person by e-mail and ECF on the 23rd day of March, 2006:

>Preeya M. Noronha
>Trial Attorney
>Civil Division
>Federal Programs Branch
>20 Massachusetts Ave., NW
>Washington, DC 20530
>Email: preeya.noronha@usdoj.gov

>>/s/ David W. DeBruin
>>David W. DeBruin