IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALIM SAID, *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) |
| | ) |
| GEORGE W. BUSH, | ) |
| President of the United States, | ) |
| *et al.,* | ) |
| | ) |
| Respondents. | ) |
| | ) |

Civil Action No. 05-CV-2384 (RWR)

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO
PETITIONERS' MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PETITIONERS' MOTION FOR FACTUAL RETURNS**

Respondents hereby respectfully submit this memorandum in opposition to (1)
petitioners' motion for entry of the protective order in this case and (2) petitioners' motion for
the production of factual returns.

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X,
119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241
to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other
actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and
creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to
address the validity of the detention of such aliens held as enemy combatants. Id. § 1005(e)(1),
(h)(2). Accordingly, the Court lacks jurisdiction to order the relief requested by petitioners. The
effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals

pending before the D.C. Circuit,[1] and our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.[2]  In light of this and given the new, statutory withdrawal of the Court's jurisdiction, at a minimum a stay of all proceedings in this case, including with respect to petitioners' requests for relief, is appropriate pending the resolution of the effect of the Act. Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction. See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).[3]

---

[1]  Oral argument before the D.C. Circuit was held on March 22, 2006.

[2]  In this vein, three other Judges of the Court have recently entered orders in each of the Guantanamo detainee habeas cases pending before them denying without prejudice or holding in abeyance all pending motions and staying "all action" in the cases pending resolution of the effect of the Act.  See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.; March 16, 2006 Order in Anam v. Bush, No. 04-CV-1194 (HHK), et al.

[3]  Thus, the Court should not accept petitioners' argument that, notwithstanding the Act's withdrawal of the Court's jurisdiction over this case, factual returns should be produced in these proceedings because counsel for petitioners "will still need the factual return[s] to represent Petitioners in the proceedings provided by the [Act]."  Pets' Mem. in Support of Mot. for Factual Returns at 4.  Whether and to what extent "factual returns" as they have been produced in the District Court will be required by the D.C. Circuit is a matter subject to the exclusive jurisdiction of the Court of Appeals.  See Act, § 1005(e)(1) (vesting "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant"); Telecommunications Research and Action Center, 750 F.2d at 75, 78-79.

In addition, petitioners possess no separate right of access to counsel that warrants the entry of the protective order or the production of factual returns notwithstanding the Act's withdrawal of the Court's jurisdiction over this case.  See Pets' Mot. at 1.  In Al Odah v United States, 346 F. Supp. 2d 1 (D.D.C. 2004), Judge Kollar-Kotelly explained that, despite there being no absolute right to counsel under the habeas statute, the Court, under its discretionary, statutory authority in habeas cases — authority now withdrawn with the Act's withdrawal of district court habeas jurisdiction — may appoint counsel to represent Guantanamo petitioners properly before the Court, if warranted.  See id. at 4-5, 7-8.  Thus, contrary to petitioners' suggestion, notwithstanding the Act's withdrawal of jurisdiction over this case, Al Odah does not compel the relief requested by petitioners.

### Petitioners Bandar Al Jaabir, Saad Al Qahtaani and Mohammed Zahrani

Respondents also oppose petitioners' requests for relief because it has not been established that the petitions filed on behalf of Bandar Al Jaabir, Saad Al Qahtaani, and Mohammed Zahrani[4] are properly authorized.  Petitioners have not demonstrated why these

---

Moreover, the production and submission of factual returns in the Guantanamo detainee habeas litigation is not an inconsequential task.  Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders.  Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel.  Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking.  In light of the new, statutory withdrawal of the Court's jurisdiction, and to minimize both the unnecessary disclosure of classified information as well as administrative burdens, respondents should not be required to submit factual returns in this case.

[4]  The Department of Defense has been unable to identify Mohammed Zahrani as a detainee at Guantanamo Bay.  Counsel for respondents have requested additional identifying information from counsel for petitioners in an effort to identify this petitioner.

petitions, not directly authorized by the detainees for whom habeas relief is sought but instead brought by other detainees claiming to act as their "next friends," should not be dismissed for lack of proper next friend standing. The putative "next friend" detainees, Jamal Kiyemba, Omar Deghayes and Sami Muhyideen, bear the burden of establishing their next friend status and justifying the exercise of the Court's jurisdiction over this action. See Whitmore v. Arkansas, 495 U.S. 149, 163 (1990) ("'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."). To do so, they must satisfy the "two firmly rooted prerequisites" articulated by the Supreme Court in Whitmore: (1) they must demonstrate that the detainees on whose behalf they claim to file a petition for writ of habeas corpus cannot challenge the legality of their detention themselves; and (2) they must have a significant relationship with these detainees in order to demonstrate that they are truly dedicated to the detainees' best interests. Id. at 163-64. The petitions filed on behalf of Bandar Al Jaabir, Saad Al Qahtaani, and Mohammed Zahrani fail to meet either requirement. Notwithstanding the Act's withdrawal of the Court's jurisdiction over this case, if petitioners are unable to demonstrate that the petitions were filed by legitimate next friends, the Court cannot exercise jurisdiction over the petitions, and the petitions must be dismissed for lack of standing.[5]

_____

[5] Respondents have challenged the standing of other detainees purporting to act as "next friends" in a number of other cases, and some Judges of the Court have transferred such motions before them to Judge Oberdorfer for decision. See, e.g., Ahmed Doe v. Bush, No. 05-CV-1458 (ESH) (dkt. no. 8); Nabil v. Bush, No. 05-CV-1504 (RMC) (dkt. no. 8); Al Hawary v. Bush, No. 05-CV-1505 (RMC) (dkt. no. 10); Shafiiq v. Bush, No. 05-CV-1506 (RMC) (dkt. no. 10); Idris v. Bush, No. 05-CV-1555 (JR) (dkt. no. 6); Al Razak v. Bush, No. 05-CV-1601 (GK) (Minute Order dated November 14, 2005); Kabir v. Bush, No. 05-CV-1704 (JR) (dkt. no. 18); Qasim v. Bush, No. 05-CV-1779 (JDB) (dkt. no. 4); Zakirjan v. Bush, No. 05-CV-2053 (HHK) (dkt. no. 17); Muhammed v. Bush, No. 05-CV-2087 (RMC) (dkt. no. 11). Judge Oberdorfer dismissed

It is well-established that "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue" under Article III of the Constitution. Whitmore, 495 U.S. at 154. The standing doctrine "ensure[s] that the plaintiff has a sufficient personal stake in the outcome of a dispute to render judicial resolution of it appropriate in a society that takes seriously both the idea of separation of powers and, more fundamentally, the system of democratic self-government that such separation serves." Hamdi v. Rumsfeld, 294 F.3d 598, 602-03 (4th Cir. 2002) (citation and internal quotations omitted).[6] "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S.

---

the next friend petitioner in Idris v. Bush because the detainee for whom habeas relief was purportedly sought also filed a pro se petition for habeas corpus. See Idris v. Bush, No. 05-CV-1555 (JR) (dkt. no. 8). Judge Oberdorfer dismissed respondents' motions for order to show cause in Zakirjan v. Bush and Muhammed v. Bush as moot based on the petitioners there, subsequent to filing of the petitions, providing evidence of direct authorization of the petition by the detainees for whom habeas relief is sought in those cases. See Zakirjan v. Bush, No. 05-CV-2053 (HHK) (dkt. no. 24); Muhammed v. Bush, No. 05-CV-2087 (RMC) (dkt. no. 17). In some of the other cases, Judge Oberdorfer granted respondents' motion for order to show cause and set a hearing for December 5, 2005, which has been continued pending additional efforts by counsel to attempt to establish adequate next friend standing in these cases. See, e.g., Ahmed Doe v. Bush, No. 05-CV-1458 (ESH) (dkt. nos. 10, 16). On March 21, 2006, Magistrate Judge Kay issued an order in Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. no. 36), which, if not modified on reconsideration, could potentially impact proceedings with respect to such efforts. Respondents' motion for reconsideration with respect to the Adem order is not yet due, however.

[6] The cited 2002 decision of the Fourth Circuit in Hamdi ordered dismissal of a habeas case that a public defender and private citizen brought as purported next friends of Hamdi despite having no relationship with him. That deficiency was cured when Hamdi's father filed a legitimate next-friend petition bearing the same style, which eventually culminated in the 2004 decision of the Supreme Court in Hamdi v. Rumsfeld, 124 S. Ct. 2633 (2004). See Hamdi, 294 F.3d at 600 n.1, 606-07 & n.4; see also Hamdi, 124 S. Ct. at 2636. Of course, neither the fact that the defect was cured, nor the Supreme Court's ultimate decision in the properly filed habeas case, undermines or casts doubt on the Fourth Circuit's holdings concerning next friend standing in the defective case brought by the public defender and private citizen.

- 5 -

490, 498 (1975).  A habeas petitioner has proper standing only if the petition is "signed and

verified by the person for whose relief it is intended or by someone acting in his behalf."  28

U.S.C. § 2242.  If a petition is brought by someone acting on behalf of the person for whose

relief the petition is intended, this "next friend" does not become a party to the action, but

"simply pursues the cause on behalf of the detained person, who remains the real party in

interest."  <u>Whitmore</u>, 495 U.S. at 163.

Next friend standing is not automatically granted to anyone who seeks to pursue an action

on behalf of another person, however.  <u>See</u> <u>id.</u>  Rather, consistent with the constitutional limits

established by Article III, a litigant who asserts next friend standing bears the burden of

satisfying the "two firmly rooted prerequisites" for next friend status articulated by the Supreme

Court in <u>Whitmore</u>:

> First, a "next friend" must provide an adequate explanation — such
> as inaccessibility, mental incompetence, or other disability — why
> the real party in interest cannot appear on his own behalf to
> prosecute the action.  Second, the "next friend" must be truly
> dedicated to the best interests of the person on whose behalf he
> seeks to litigate, and it has been further suggested that a "next
> friend" must have some significant relationship with the real party
> in interest.

<u>Id.</u> at 163-64 (internal citations omitted).

The petitions filed on behalf of Bandar Al Jaabir, Saad Al Qahtaani, and Mohammed

Zahrani in the above-captioned case do not meet either prong of the <u>Whitmore</u> test.  First,

petitioners have failed to demonstrate that the detainees for whom habeas relief is sought cannot

submit petitions on their own behalf.  As explained in the Declaration of Frank Sweigart, the

Department of Defense ("DoD") has notified each detainee at Guantanamo Bay of his right to file

a petition for habeas corpus, and has provided each detainee with the address of the United States

District Court in the event that he desires to submit his own petition to the Court.[7]  See (Second)

Sweigart Declaration, ¶¶ 3-5 (attached hereto as Exhibit A).  As a result of these notifications, 56

pro se petitions for writ of habeas corpus have already been filed with the Court.[8]  Furthermore,

DoD has taken affirmative steps to facilitate legal representation for detainees who have

---

[7] Detainees are afforded the opportunity regularly to send and receive mail through the mail system administered by DoD and through the International Committee for the Red Cross. Detainees are supplied pens, paper and envelopes regularly, and mail privileges cannot be revoked.  See Sweigart Declaration, Ex. D.

[8] As of September 19, 2005, the date that the Sweigart Declaration was executed, there were 55 *pro se* petitions filed with the Court.  See Khiali-Gul v. Bush, No. 05-CV-0877 (JR); Rahmattulah v. Bush, No. 05-CV-0878 (CKK); Mohammad v. Bush, No. 05-CV-0879 (RBW); Nasrat v. Bush, No. 05-CV-0880 (ESH); Slahi v. Bush, No. 05-CV-0881 (JR); Rahman v. Bush, No. 05-CV-0882 (GK); Bostan v. Bush, No. 05-CV-0883 (RBW); Muhibullah v. Bush, No. 05-CV-0884 (RMC); Mohammad v. Bush, No. 05-CV-0885 (GK); Wahab v. Bush, No. 05-CV-0886 (EGS); Chaman v. Bush, No. 05-CV-0887 (RWR); Gul v. Bush, No. 05-CV-0888 (CKK); Basardh v. Bush, No. 05-CV-0889 (ESH); Khan v. Bush, No. 05-CV-0890 (RMC); Nasrullah v. Bush, No. 05-CV-0891 (RBW); Shaaban v. Bush, No. 05-CV-0892 (CKK); Sohail v. Bush, No. 05-CV-0993 (RMU); Tohirjanovich v. Bush, No. 05-CV-0994 (JDB); Slahi v. Bush, No. 05-CV-0995 (JR); Mohammad v. Bush, No. 05-CV-0996 (JR); Khudaidad v. Bush, No. 05-CV-0997 (PLF); Al Karim v. Bush, No. 05-CV-0998 (RMU); Al-Khalaqi v. Bush, No. 05-CV-0999 (RBW); Sarajuddin v. Bush, No. 05-CV-1000 (PLF); Kahn v. Bush, No. 05-CV-1001 (ESH); Mohammed v. Bush, No. 05-CV-1002 (EGS); Mangut v. Bush, No. 05-CV-1008 (JDB); Hamad v. Bush, No. 05-CV-1009 (JDB); Khan v. Bush, No. 05-CV-1010 (RJL); Zuhoor v. Bush, No. 05-CV-1011 (JR); Ali Shah v. Bush, No. 05-CV-1012 (ESH); Salaam v. Bush, No. 05-CV-1013 (JDB); Mammar v. Bush, No. 05-CV-1233 (RCL); Ahmed v. Bush, No. 05-CV-1234 (EGS); Baqi v. Bush, No. 05-CV-1235 (PLF); Abdulzaher v. Bush, No. 05-CV-1236 (RWR); Aminullah v. Bush, No. 05-CV-1237 (ESH); Ghalib v. Bush, No. 05-CV-1238 (CKK); Al Khaiy v. Bush, No. 05-CV-1239 (RJL); Altaiy v. Bush, No. 05-CV-1240 (RCL); Bukhari v. Bush, No. 05-CV-1241 (RMC); Pirzai v. Bush, No. 05-CV-1242 (RCL); Peerzai v. Bush, No. 05-CV-1243 (RCL); Alsawam v. Bush, No. 05-CV-1244 (CKK); Mohammadi v. Bush, No. 05-CV-1246 (RWR); Al Ginco v. Bush, No. 05-CV-1310 (RJL); Ullah v. Bush, No. 05-CV-1311 (RCL); Al Bihani v. Bush, No. 05-CV-1312 (RJL); Sadkhan v. Bush, No. 05-CV-1487 (RMC); Faizullah v. Bush, No. 05-CV-1489 (RMU); Faraj v. Bush, No. 05-CV-1490 (PLF); Khan v. Bush, No. 05-CV-1491 (JR); Ahmad v. Bush, No. 05-CV-1492 (RCL); Amon v. Bush, No. 05-CV-1493 (RBW); Idris v. Bush, No. 05-CV-1555 (JR).  Since that date, one additional *pro se* petition has been filed.  See Jamolivich v. Bush, No. 05-CV-2112 (RBW).

indicated a desire to challenge the legality of their detention by providing such detainees with a form to complete and mail to the American Bar Association ("ABA"), which has agreed to recruit volunteer counsel for detainees desiring representation. See id., ¶ 7. In addition, all detainees at Guantanamo Bay have the ability to send and receive mail, allowing them to contact family and friends, see id., Ex. D; supra, note 7, and they have been informed of the option of contacting friends and family to have them file habeas petitions on their behalf.

Given that all detainees have been notified of their right to submit petitions for writ of habeas corpus; that they have the ongoing opportunity to send mail to family, friends, and the Court; and that the ABA has agreed to offer the detainees assistance in securing legal representation, it cannot simply be assumed that the detainees for whom habeas relief is sought cannot submit petitions on their own behalf. The next friend petition in this case, however, does just that. See, e.g., Petition, ¶ 7 ("Because his friend and co-detainee has been denied access to legal counsel and to the courts of the United States, Petitioner Muhyideen acts as [Saad Al Qahtaani's] Next Friend."). See also Ahmed v. Bush, No. 05-CV-0665 (RWR) (Order dated May 24, 2005) (dkt. no. 12) ("The petition presumes, rather than demonstrates through facts, that Ahmed has been denied access to the courts of the United States. . . . In light of the fact that several pro se petitions have been filed recently by Guantanamo Bay detainees, Ahmed's lack of access to this court cannot be presumed, but must be established.");[9] Hamlily v. Bush, No. 05-

---

[9] The issue of next friend standing was raised sua sponte by Judge Roberts in Ahmed v. Bush, No. 05-CV-0665 (RWR), another Guantanamo Bay detainee case. Based on an observation that the petition presented scant facts demonstrating that the Whitmore requirements were satisfied, Judge Roberts ordered petitioners to file a memorandum and supporting materials tending to demonstrate that the detainee who purported to act as next friend in that case should be granted next friend standing. See Ahmed v. Bush, No. 05-CV-0665 (RWR) (Order dated May 24, 2005) (dkt. no. 12). Petitioners filed a memorandum in response to the Court's Order, in an

CV-0763 (JDB) (Order dated October 3, 2005) (dkt. no. 16) ("[The petition] states only that [Hamlily] is 'being held essentially incommunicado' and that 'his family members have not been able to contact U.S. counsel to file a petition on his behalf.' . . . There is a serious question as to whether this alone is sufficient to establish Hamlily's inability to prosecute this action on his own behalf.");[10] Ahmed Doe v. Bush, No. 05-1458 (ESH), et al., (Order dated November 4, 2005) (dkt. no. 10) (Oberdorfer, J.) ("Petitioners do not explain why the detainees that they purport to represent as next friends are in a materially different position than the detainees who have filed petitions with this Court.").

Absent evidence that the detainees for whom habeas relief is sought cannot submit petitions on their own behalf, petitioners cannot demonstrate proper next friend standing, and the Court cannot exercise jurisdiction over the petition.  See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) ("It is a long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the record.'") (citations omitted).

---

attempt to demonstrate that both prongs of the Whitmore test were satisfied.  See Ahmed v. Bush, No. 05-CV-0665 (RWR) (dkt. no. 13).  Although respondents filed a response to petitioners' memorandum indicating that they took no position on petitioners' memorandum at that time, see Ahmed v. Bush, No. 05-CV-0665 (RWR) (dkt. no. 14), and the Court in that case did not issue any subsequent ruling on the issue, respondents now seek to challenge next friend standing in certain recently-filed Guantanamo Bay detainee cases in which the appropriate next friend standing requirements have not been satisfied.

[10]  On October 31, 2005, Judge Bates discharged the order to show cause regarding next friend standing that he entered *sua sponte* in Hamlily v. Bush based on counsel's showing that the detainee in that case directly requested legal representation and authorized counsel's filing of the petition.  See Order dated October 31, 2005 in Hamlily v. Bush, No. 05-CV-0763 (JDB) (dkt. no. 19) (discharging order to show cause and dismissing next friend petitioner in the case).  Judge Bates noted, however, that "counsel's filing fail[ed] to address several of the serious deficiencies in next friend standing" raised in the Court's order to show cause.  See id. at 2.

The purported "next friends" in this case have also failed to satisfy the second requirement of the Whitmore test — they have not established that they have a "significant relationship" with the detainee on whose behalf habeas relief is sought such that they are "truly dedicated to [his] best interests." See Whitmore, 495 U.S. at 163-64.[11] The requirement of a "significant relationship" with the real party in interest is necessary to ensure that a next friend will genuinely pursue the interests of the person in custody (who at all times remains the real party in interest) and will not (1) merely use the litigation as a vehicle for advancing his own

---

[11] The majority of Circuits that have been confronted with the issue have construed Whitmore to require a "significant relationship" as part of the second prong of the test for next friend standing. See Hamdi v. Rumsfeld, 294 F.3d 598, 604 (4th Cir. 2002) ("Whitmore is thus most faithfully understood as requiring a would-be next friend to have a significant relationship with the real party in interest."); Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1162 (9th Cir. 2002) ("Combining the 'significant relationship' requirement, however, with the 'dedicated to best interests' consideration . . . meets the concerns the Whitmore Court addressed."); T.W. v. Brophy, 124 F.3d 893, 897 (7th Cir. 1997) ("It follows, as the Court suggested in the Whitmore case, that not just anyone who expresses an interest in the subject matter of a suit is eligible to be the plaintiff's next friend – that he 'must have some significant relationship with the real party in interest'"); Amerson v. Iowa, 59 F.3d 92, 93 n.3 (8th Cir. 1995) (under Whitmore, the "next friend has [the] burden to establish . . . that she has some "significant relationship with [the] real party in interest"); Zettlemoyer v. Horn, 53 F.3d 24, 27 n.4 (3d Cir. 1995) (observing that "[t]he Whitmore Court also . . . suggested that the party 'must have some significant relationship with the real party in interest'"). See also Al Odah v. Bush, 321 F.3d 1134, 1138 (D.C. Cir. 2003), rev'd on other grounds, Rasul v. Bush, 542 U.S. 466 (2004) (stating that the family members of Guantanamo detainees who filed habeas petitions on their behalf "demonstrated through affidavits that they are 'truly dedicated to the best interests of these individuals,' [and] that they have a 'significant relationship' with the detainees . . .") (citing Whitmore, 495 U.S. at 163-64). Although the Eleventh Circuit questioned whether Whitmore established "some significant relationship" as an independent requirement, it nevertheless noted the importance of a relationship in demonstrating whether a putative next friend "can show true dedication to the best interests of the person on whose behalf he seeks to litigate." Sanchez-Velasco v. Secretary of the Dep't of Corrections, 287 F.3d 1015, 1026-27 (11th Cir. 2002). See also Centobie v. Campbell, 407 F.3d 1149, 1151 (11th Cir. 2005) ("We conclude that Puzone is not 'truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate,' and she does not have 'some significant relationship with the party in interest.'") (citing Hauser v. Moore, 223 F.3d 1316, 1322 (11th Cir. 2000)).

agenda or (2) assume he or she is in tune with the real party's desires and interests. See id. at 164

(cautioning against "intruders or uninvited meddlers" filing lawsuits on behalf of unwitting

strangers).

Thus, under the "significant relationship" requirement, courts have generally limited next

friend standing to close relatives such as parents, siblings, and spouses. See, e.g., Vargas v.

Lambert, 159 F.3d 1161, 1168 (9th Cir. 1998) (mother); Hamdi, 294 F.3d at 600 n.1 (father);

Smith ex rel. Missouri Pub. Defender Comm'n v. Armontrout, 812 F.2d 1050 (8th Cir. 1987)

(brother); In re Ferrens, No. 4746, 8 F. Cas. 1158, 1159 (S.D.N.Y. 1869) (wife). Attorneys who

have previously represented an individual seeking habeas corpus have also been permitted to act

as next friends based on that pre-existing relationship. See Sanchez-Velasco, 287 F.3d at 1026

("'[S]ome significant relationship' does exist when the would-be next friend has served in a prior

proceeding as counsel for the real party in interest and did so with his consent."). Distant

relatives or simple acquaintances generally do not have a sufficient relationship to establish next

friend standing, see, e.g., Davis v. Austin, 492 F. Supp. 273, 274-76 (N.D. Ga. 1980) (neither

detainee's first cousin nor a minister who had counseled detainee could sue as next friend) (cited

with approval in Whitmore, 495 U.S. at 164), and petitions filed by total strangers purporting to

act as next friends are typically dismissed for lack of jurisdiction. See, e.g., Hamdi, 294 F.3d at

603-07 (dismissing petitions brought by a public defender and private citizen who had no

relationship to the detainee).

In the above-captioned case, the putative next friend petitioners have failed to

demonstrate that they have any sort of "significant relationship" with the detainees for whom

habeas relief is sought. The "authorizations" submitted by the putative next friends contain

boilerplate language stating that they understand what it means to act as a "next friend," and that they believe that the detainees on whose behalf they claim to seek habeas relief want legal representation to challenge their detention, without stating any legitimate basis for this belief beyond the fact that they have also been detained at Guantanamo Bay.[12]  See, e.g., Petition, Ex. B (stating, "the following people want lawyers and want me alternatively to act as their next friend . . ." without explaining the basis for this knowledge).  This dearth of basic biographical and personal information about the detainees on whose behalf habeas relief is sought indicates that the purported next friends do not share any meaningful relationship with these detainees and, therefore, cannot be determined to be acting in their best interests.  Because even acquaintances cannot satisfy the requirement of a significant relationship under Whitmore, and the minimal information presented in the petition indicates that the purported next friends merely know of other detainees or, at best, are mere acquaintances with the detainees on whose behalf they seek habeas relief, the purported next friends have failed to demonstrate that they are "truly dedicated to [the detainees'] best interests."  Whitmore, 495 U.S. at 163.  Absent proof that evidences a significant relationship, petitioners cannot demonstrate proper next friend standing, and the Court cannot exercise jurisdiction over the petitions in the above-captioned case.[13]

---

[12]  If a detainee were able to act as next friend for another detainee simply based on the mere fact that they are both detained at Guantanamo, detainees or prisoners could purport to bring mass habeas corpus petitions simply by being able to list the identities of those detained alongside them, a situation that is surely inconsistent with standing jurisprudence.  See Othman v. Bush, No. 05-CV-2088 (RWR) (dkt. no. 2) ("The petition's characterization of Al Wahab as Othman's 'companion' is an insufficient showing upon which to make any judgment about Al Wahab's fitness to serve[] as next friend.  The companionship may be by dint of mere fortuity of co-location in detention with no more substance to the relationship than that.").

[13]  Approximately 200 detainees at Guantanamo Bay have filed petitions for writ of habeas corpus through family members who arguably meet the "significant relationship"

In sum, the petitions filed on behalf of Bandar Al Jaabir, Saad Al Qahtaani, and Mohammed Zahrani fail to satisfy the standing requirements articulated by the Supreme Court in Whitmore. Jurisdiction must be established and this case must be properly before the Court before any proceedings may commence, including counsel access to petitioners pursuant to the Protective Order.[14] Notwithstanding the Act's withdrawal of the Court's jurisdiction over this case, if petitioners are unable to demonstrate that the petitions filed on behalf of Bandar Al Jaabir, Saad Al Qahtaani, and Mohammed Zahrani were filed by legitimate next friends, the Court cannot exercise jurisdiction over the petitions, and the petitions must be dismissed for lack of standing.

* * *

For these reasons, petitioners' motion for entry of the protective order and motion for factual returns should be denied.

_____

requirement. See, e.g., Hatim v. Bush, No. 05-CV-1429 (RMU) (filed on behalf of two detainees by their siblings, Fatima Nasser Yahia Abdullah Kussrof and Ali Mohammed Saleh Al-Salahi); Rabbani v. Bush, No. 05-CV-1607 (JR) (filed on behalf of two detainees by their wives, Malika and Fouzia Ahmmed); Sadkhan v. Bush, No. 05-CV-1679 (RJL) (filed on behalf of detainee by his father, Jabbar Sadkhan Al-Sahlani).

[14] Even the Protective Order and counsel access procedures typically made applicable in Guantanamo detainee habeas cases provides that "[p]rior to being permitted access to the detainee," counsel must "provide evidence of his or her authority to represent the detainee." See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. Nov. 8, 2004), Ex. A, § III.C.1. Counsel has yet to provide sufficient evidence of their "authority to represent" the detainees for whom habeas relief is purportedly sought, i.e., to demonstrate the satisfaction of the requirements of next friend standing in this matter. The Protective Order thus contemplates counsel access to the detainees (including privileged mail correspondence and visits to Guantanamo Bay) only in cases properly before the Court.

Dated: March 30, 2006                    Respectfully submitted,

                                         PETER D. KEISLER
                                         Assistant Attorney General

                                         DOUGLAS N. LETTER
                                         Terrorism Litigation Counsel

                                         ___/s/ Preeya M. Noronha_____
                                         JOSEPH H. HUNT (D.C. Bar No. 431134)
                                         VINCENT M. GARVEY (D.C. Bar No. 127191)
                                         TERRY M. HENRY
                                         JAMES J. SCHWARTZ
                                         PREEYA M. NORONHA
                                         ROBERT J. KATERBERG
                                         NICHOLAS J. PATTERSON
                                         ANDREW I. WARDEN
                                         EDWARD H. WHITE
                                         MARC A. PEREZ
                                         Attorneys
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Ave., N.W.
                                         Washington, DC  20530
                                         Tel:  (202) 514-4107
                                         Fax:  (202) 616-8470

                                         Attorneys for Respondents