```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

|  |  |
|---|---|
| **SALIM SAID et al.,** | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | )  Civil Action No. 05-2384 (RWR) |
| | ) |
| **GEORGE W. BUSH et al.,** | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

Petitioners are detainees at Guantanamo Bay Naval Station in Cuba who have challenged the legality of their detention through a petition for a writ of habeas corpus. Petitioners' counsel seek an order requiring respondents to a file factual return based on the record compiled for the Combatant Status Review Tribunal ("CSRT") for each detainee represented. Respondents oppose the motion, arguing that jurisdiction has not been established. Because the parties agree that the detainees are entitled to a review of their detention by a court, and because there is no reason to conclude that detainees would be denied counsel for such a review or that counsel would be denied access to facts relevant to that review, petitioners' request for an order directing respondents to file factual returns will be granted.

-2-

## BACKGROUND

This petition was filed on December 13, 2005, on behalf of five Guantanamo detainees believed to have been detained for approximately four years. Three of the five petitioners filed through other detainees acting as next friends. On December 30, 2005, President Bush signed into law the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X., 119 Stat. 2680 ("DTA"). The effect of the DTA on habeas petitions filed before the DTA became law is disputed; it has been briefed and argued, though, before the D.C. Circuit and a decision is pending. See Kalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005), appeal docketed sub nom. Boumediene v. Bush, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 10, 2005).

Counsel for petitioners applied for and received security clearances, a prerequisite for any privileged or in-person communications with clients detained at Guantanamo. On March 15, 2006, petitioners filed a motion seeking the entry of a protective order in this case, which is also a prerequisite for privileged communications with Guantanamo detainees. On April 12, 2006, a protective order was entered "to permit counsel access to petitioners." Minute Order, Apr. 12, 2006. On March 23, 2006, petitioners also sought an order directing respondents to file factual returns, or the record of the CSRT

-3-

hearings, including the classified portions of the record. Respondents opposed the request.

Counsel for the parties jointly advised the court in a telephone call on May 9, 2006, that petitioners' counsel -- four lawyers based in Chicago and their interpreters -- are tentatively scheduled visit to Guantanamo to meet and interview their clients for the first time over the period from June 6 to June 9, 2006.  Petitioners' counsel seek to review the requested classified factual returns prior to meeting their clients and noted the logistical difficulties in rescheduling a Guantanamo trip.  Respondents noted their opposition to the request for factual returns and also requested adequate time to prepare them if an order were to be issued.[1]

## DISCUSSION

In support of their request for the factual returns, petitioners argue that even under the DTA, petitioners are entitled to counsel and a review before a court, and that the information they seek is relevant and readily accessible, having been compiled more than a year ago for the CSRT in each detainee's case.  Respondents oppose the request for factual returns by arguing that the DTA stripped this court of

---

[1] Under the terms of the protective order, review of classified material pertaining to the Guantanamo detainee cases may be undertaken only at a secure facility in Crystal City, Virginia.

-4-

jurisdiction, emphasizing that the DTA vests exclusive jurisdiction for reviewing the legality of an individual's detention at Guantanamo in the D.C. Circuit.  They argue that to order a factual return might encroach on the jurisdiction of the D.C. Circuit.

Whether the DTA divests this court of jurisdiction over this petition is a legal question that has not been resolved yet by the D.C. Circuit and will not be resolved here.  Respondents do not argue that the DTA deprives the Guantanamo detainees of a right to counsel or to notice of the factual basis for their detention.  Whatever forum is ultimately held to be the proper one to rule on a pre-DTA habeas petition, it is hardly sensible to withhold what no one disputes petitioners will ultimately be likely to receive, especially if doing so now would undermine one of the main objectives of the visit to petitioners that the government is helping to arrange for counsel.[2]

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

ORDERED that petitioners' motion [Dkt. #7] be, and hereby is, GRANTED.  Given the past and ongoing conduct of combatant

---

[2] The same reason counsels against awaiting the resolution of the respondents' challenge to the next friend status of the three of the five parties who appear as next friends.  The court will continue to have "jurisdiction to determine its own jurisdiction[.]"  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 (1998).

-5-

status review tribunals, respondents shall file and make available to petitioners' counsel on or before June 1, 2006, factual returns for each of the five detained petitioners who are identifiable and are the real parties in interest in this action.

SIGNED this 23rd day of May, 2006.

                                                                                       /s/
                                           RICHARD W. ROBERTS
                                           United States District Judge