IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| SALIM SAID, *et al.*, | ) |
| Petitioners, | ) |
| v. | ) Civil Action No. 05-CV-2384 (RWR) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) |
| Respondents. | ) |

**RESPONDENTS' MOTION FOR RECONSIDERATION OF,
OR AN EXTENSION TO TIME TO COMPLY WITH,
THE COURT'S MAY 23, 2006 MEMORANDUM ORDER
<u>REQUIRING THE PRODUCTION OF FACTUAL RETURNS</u>**

Respondents hereby respectfully seek reconsideration of the Court's May 23, 2006 Memorandum Order (dkt. no. 24), which requires respondents to produce factual returns pertaining to the four identified petitioners[1] in this case within six business days. Alternatively,

---

[1] The Department of Defense has been unable to identify petitioner Mohammed Zahrani as a detainee at Guantanamo Bay. Although petitioners' counsel maintain that they "believe his Internment Serial Number ("ISN") is 713 . . . based on the list of Guantanamo Bay prisoners produced by the government on April 19, 2006, which identifies Muhammed Murdi Issa Al Zahrani as prisoner 713 from Saudi Arabia," Pets' Mot. for Order Directing Resps to Comply with Protective Order (dkt. no. 19) at 3, n.2, petitioners offer no convincing evidence as to the certainty of that guess, and given the similar names and aliases among the detainee population at Guantanamo Bay, respondents are unable to confirm this guess without additional identifying information. For example, this list of detainees also reflects that ISN 234, another detainee from Saudi Arabia, has a similar name — Khalid Mohammed Al Zaharni — and that ISN 204, another detainee from Saudi Arabia, is named Said Ibrahim Ramzi Al Zahrani. <u>See</u> <u>id.</u>, Ex. D. By Memorandum Order dated May 23, 2006 (dkt. no. 23), Magistrate Judge Kay ordered respondents to permit counsel for petitioners to visit ISN 713 essentially to determine if this detainee is petitioner Mohammed Zahrani. Until counsel for petitioners provide respondents with satisfactory evidence confirming the identity of petitioner Mohammed Zahrani, consistent with the Court's May 23, 2006 Memorandum Order (requiring factual returns for only "identifiable" petitioners), respondents are not in a position to produce a factual return pertaining

respondents seek an extension of time to produce the factual returns in order to account for the administrative and logistical burdens in reviewing and preparing the returns for submission to the Court and counsel. Counsel for petitioners and respondents have conferred, and petitioners' counsel have indicated that they oppose the relief requested herein.[2]

## BACKGROUND

On March 23, 2006, petitioners filed a motion requesting that the Court "issue an order directing Respondents to explain in writing why they are continuing to detain Petitioners in the Guantanamo Bay detention facility, including but not limited to the unredacted so-called 'factual returns' which resulted from hearings regarding Petitioners before the Combatant Status Review Tribunal (CSRT)." Pets' Mot. for Factual Returns (dkt. no. 7), at 1.

On March 30, 2006, respondents filed a memorandum in opposition to petitioners' motion, in which respondents argued that the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (the "Act"), withdrew the habeas jurisdiction of the district court to grant the relief requested by petitioners, and created an exclusive review mechanism in the D.C.

---

to this petitioner, nor should respondents be required to do so given that factual returns in the Guantanamo detainee cases include significant classified information. Respondents should not be required to disclose classified information pertaining to an individual until the identity of that individual as an actual intended petitioner in this case is confirmed.

[2] Counsel for respondents contacted counsel for petitioners in an attempt to negotiate a schedule for production of the factual returns that would account for the burdens involved in this process. Counsel for respondents offered to provide counsel for petitioners the unclassified versions of the factual returns pertaining to the four identified petitioners by June 1, 2006, the classified versions of the factual returns pertaining to two of the identified petitioners by June 2, 2006, and the classified versions of the factual returns pertaining to the remaining two identified petitioners by June 9, 2006. Further, respondents would provide counsel for petitioners the factual return pertaining to petitioner Mohammed Zahrani, whom the Department of Defense has been unable to identify, within a reasonable period after his identity is confirmed. Counsel for petitioners refused to agree to respondents' proposed production schedule.

Circuit to address the validity of the detention of aliens detained as enemy combatants at Guantanamo Bay, Cuba.  See Resps' Opp. to Mot. for Factual Returns (dkt. no. 10), at 1-2.  Respondents further argued that petitioners possess no right of access to counsel that warrants the production of factual returns in this case, see id. at 3, and raised a challenge to the next friend standing of the detainees who sought habeas relief on behalf of petitioners Bandar Al Jaabir, Saad Al Qahtani, and Mohammed Zahrani.[3]  See id. at 3-13.

On May 9, 2006, during a conference call with Judge Roberts's law clerk, counsel for respondents reiterated their position with regard to the production of factual returns in this case and further advised the Court that, given the number of petitioners and administrative burdens involved, if the Court were to order the production of factual returns, respondents would require at least 45 days to prepare and submit the factual returns.  See Mem. Order at 3 ("Respondents noted their opposition to the request for factual returns and also requested adequate time to prepare them if an order were to be issued.").

On May 23, 2006, the Court issued a Memorandum Order that granted petitioners' motion and ordered that "respondents shall file and make available to petitioners' counsel on or before June 1, 2006, factual returns for each of the five detained petitioners who are identifiable and are the real parties in interest in this action."  Mem. Order at 5.  The Court indicated that it based this decision on its conclusion that "the parties agree that the detainees are entitled to a

---

[3] By Memorandum Order dated May 23, 2006 (dkt. no. 23), Magistrate Judge Kay interpreted the Protective Order as guaranteeing any counsel who purport to represent a detainee privileged access to the detainee in the face of respondents' challenges to next friend standing and other jurisdictional challenges in this case, and ordered respondents to permit counsel to meet with the petitioners in this case as soon as logistically possible.  Respondents are seeking reconsideration of the Magistrate Judge's order.

review of their detention by a court, and because there is no reason to conclude that detainees would be denied counsel for such a review or that counsel would be denied access to facts relevant to that review." Mem. Order at 1. The Court further stated that "[r]espondents do not argue that the DTA deprives the Guantanamo detainees of a right to counsel or to notice of the factual bases for their detention." Mem. Order at 4. The Court also observed that "[w]hatever forum is ultimately held to be the proper one to rule on a pre-DTA habeas petition, it is hardly sensible to withhold what no one disputes petitioners will ultimately be likely to receive, especially if doing so now would undermine one of the main objectives of the visit to petitioners that the government is helping to arrange for counsel." Id.

## ARGUMENT

A court should reconsider an interlocutory order where "justice requires" it, in the sense that reconsideration may be appropriate when the court has "'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" See Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (Lamberth, J.) (citing Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004)). "Errors of apprehension may include a Court's failure to consider 'controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court.'" Id. (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

In this case, reconsideration of the Court's decision to order respondents to produce factual returns is appropriate, given that the Court appears to have based its decision on a

misapprehension of respondents' position regarding whether Guantanamo detainees possess a right to counsel, as well as a right to notice of the factual bases of their detention, in light of the Detainee Treatment Act of 2005. In their memorandum in opposition to petitioners' motion for factual returns, respondents argued:

> [P]etitioners possess no separate right of access to counsel that warrants the entry of the protective order or the production of factual returns notwithstanding the Act's withdrawal of the Court's jurisdiction over this case. See Pets' Mot. at 1. In Al Odah v United States, 346 F. Supp. 2d 1 (D.D.C. 2004), Judge Kollar-Kotelly explained that, despite there being no absolute right to counsel under the habeas statute, the Court, under its discretionary, statutory authority in habeas cases — authority now withdrawn with the Act's withdrawal of district court habeas jurisdiction — may appoint counsel to represent Guantanamo petitioners properly before the Court, if warranted. See id. at 4-5, 7-8. Thus, contrary to petitioners' suggestion, notwithstanding the Act's withdrawal of jurisdiction over this case, Al Odah does not compel the relief requested by petitioners.

Resps' Opp. to Mot. for Factual Returns at 3. In other words, Guantanamo detainees possess no independent "right" to counsel. Rather, any access to counsel provided to detainees in the Guantanamo habeas litigation has derived from the Court's discretionary authority to appoint counsel contained in the habeas statute — authority which has now been withdrawn by the Act. Thus, the Court's determination that "[r]espondents do not argue that the DTA deprives the Guantanamo detainees of a right to counsel," Mem. Order at 4, is plainly incorrect.

Further, the Court's conclusion that "[r]espondents do not argue that the DTA deprives the Guantanamo detainees of . . . notice of the factual basis for their detention," Mem. Order at 4, also demonstrates a misunderstanding of respondents' position regarding the Act's withdrawal of the district court's habeas jurisdiction and creation of an exclusive review mechanism in the D.C. Court of Appeals. First, respondents' obligation to "make a return certifying the true cause of the detention" of Guantanamo detainees is set forth in the habeas statute, 28 U.S.C. § 2243,

5

jurisdiction from which has been withdrawn by the Act, as respondents have explained to the Court.  See Resps' Opp. to Mot. for Factual Returns at 1-2.  Further, in response to petitioners' argument that, notwithstanding the Act's withdrawal of the Court's jurisdiction over this action, factual returns should be produced in these proceedings because counsel for petitioners will need them to properly represent petitioners in the proceedings before the D.C. Circuit provided by the Act, respondents argued:

> Whether and to what extent "factual returns" as they have been produced in the District Court will be required by the D.C. Circuit is a matter subject to the exclusive jurisdiction of the Court of Appeals.  See Act, § 1005(e)(1) (vesting "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant"); Telecommunications Research and Action Center, 750 F.2d at 75, 78-79.

Resps' Opp. to Mot. for Factual Returns at 2, n.3.  The scope and extent of the proceedings before the D.C. Circuit — including whether and to what extent counsel will be provided access to the classified portions of the records of proceedings before the Combatant Status Review Tribunals — have yet to be determined, and such determination is within the exclusive jurisdiction of the Court of Appeals.  Indeed, it would be improper for this Court to order the production of factual returns in this habeas proceeding based on a mere assumption that the factual returns will someday be required by the Court of Appeals in another proceeding.  See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).  Thus, given that respondents have made clear that the Act has withdrawn the district court's habeas jurisdiction and has created an exclusive review mechanism in the D.C. Circuit subject to the exclusive

6

jurisdiction of the Court of Appeals, the Court's determination that "[r]espondents do not argue that the DTA deprives the Guantanamo detainees of . . . notice of the factual basis for their detention," Mem. Order at 4, is incorrect.

In sum, the Court's conclusion that the production of factual returns is warranted in this case because "it is hardly sensible to withhold what no one disputes petitioners will ultimately be likely to receive," Mem. Order at 4, is based on a fundamental misapprehension of respondents' position on this issue. Because the Court has "patently misunderstood a party," Singh, 383 F. Supp. 2d at 101, reconsideration of the Court's Memorandum Order is warranted.

Reconsideration is also appropriate because the Court disregarded the administrative and logistical burdens involved in the preparation and submission of factual returns by ordering respondents to produce four factual returns within six business days stretching over a holiday weekend, which is an unreasonable and unworkable deadline in these circumstances. In their memorandum in opposition to respondents' motion for factual returns, respondents argued:

> [T]he production and submission of factual returns in the Guantanamo detainee habeas litigation is not an inconsequential task. Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking.

Resps' Opp. to Mot. for Factual Returns at 2, n.3. Each of the four factual returns in this case ranges in size from approximately 50 pages to 150 pages, consequently, the agency review and redaction process will take a significant amount of time and effort, which is compounded by staff

shortages during the Memorial Day holiday weekend. Given these administrative and logistical burdens, including the fact that respondents are presently preparing two factual returns for submission in other Guantanamo habeas cases by June 5, 2006, counsel for respondents advised the Court during a May 9, 2006 conference call that respondents would require at least 45 days to prepare the factual returns in this case, if the Court were to order respondents to produce them. Indeed, the Court recognized that respondents "requested adequate time to prepare" the factual returns, Mem. Order at 3, yet nevertheless decided to order respondents to produce four factual returns within an unreasonable six business days, despite regularly providing respondents with at least 30 days to prepare and submit factual returns in other Guantanamo habeas cases. See, e.g., Al Daini v. Bush, No. 05-0634 (RWR) (dkt. no. 10) (30 days); Ahmed v. Bush, No. 05-0665 (RWR) (dkt. no. 16) (30 days); Adem v. Bush, No. 05-0723 (RWR) (dkt. no. 13) (30 days); Mohammadi v. Bush, No. 05-CV-1246 (RWR) (dkt. no. 2) (45 days); Al-Rubaish v. Bush, No. 05-CV-1714 (RWR) (dkt. no. 2) (45 days).

Moreover, the fact that counsel for petitioners have requested a visit to Guantanamo Bay beginning June 5, 2006 should not warrant an order requiring that counsel be provided access to factual returns prior to that visit.[4] As an initial matter, it would be unduly burdensome to key any requirement to produce factual returns to a scheduled or desired visit to Guantanamo Bay by counsel. There are currently pending approximately 200 Guantanamo habeas cases, involving well over 300 detainees, in which significant numbers of counsel have requested or are requesting factual returns and in which counsel visits are being or very likely will be requested.

---

[4] While petitioners' counsel have requested a week-long visit to Guantanamo Bay beginning June 5, 2006, as of this filing, the dates for this requested visit have not yet been finally approved, logistically speaking, and scheduled.

The logistics of making a factual return and the logistics of arranging counsel visits involve two separate and unrelated undertakings, and the ability to arrange for a visit does not mean that factual returns pertaining to detainees involved in any particular visit can necessarily be completed prior to the visit.[5]  Indeed, this Court has imposed various deadlines in other habeas cases regarding the submission of factual returns that were not selected or imposed due to any desired or scheduled visit by detainee counsel.  See supra at 8.  Furthermore, the possibility of return visits to Guantanamo by petitioners' counsel would counter the "need" for a factual return prior to any particular visit, and in any event, counsel is not permitted to share classified information in the return with detainees.  See Protective Order and Procedures for Counsel Access to Petitioners at the United States Naval Base in Guantanamo Bay, Cuba (dkt. no. 15), ¶ 31.

The failure of the Court to account for the burdens involved in the production of factual returns in this case constitutes a serious "error of apprehension" concerning the practical difficulties in complying with the Court's Order, which warrants reconsideration in this case. See Singh, 383 F. Supp. 2d at 101 ("errors of apprehension" may include a Court's failure to consider "data that might reasonably be expected to alter the conclusion reached by the court"). Although respondents maintain that the production of factual returns should not be required at all, at a minimum, this Court should modify its Memorandum Order to provide respondents a reasonable amount of time to prepare and submit the factual returns in this case.  Given the factors discussed above, the Court should modify its Memorandum Order to permit respondents

---

[5] Indeed, tethering deadlines for production of factual returns and visit dates can lead, as currently is the case here, to unreasonable and unworkable burdens on respondents through the mere fortune of a requested counsel visit date being logistically feasible at Guantanamo.

to submit to the Court and make available to petitioners' counsel factual returns pertaining to the identified petitioners in this case within thirty days.

## CONCLUSION

For these reasons, respondents' motion for reconsideration of, or extension of time to comply with, the Court's May 23, 2006 Memorandum Order requiring the production of factual returns should be granted. A proposed order is attached.

Dated: May 25, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

  /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents