UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
SALIM SAID et al.,              )
                                )
        Petitioners,            )
                                )
   v.                           )     Civil Action No. 05-2384 (RWR)
                                )
GEORGE W. BUSH et al.,          )
                                )
        Respondents.            )
_____)

## MEMORANDUM ORDER

Petitioners Salim Said, Anwar Handan Al Shimmiri, Saad Al Qahtani, Bandar Al Jaabir, and Mohammed Zahrani are detainees in United States custody at Guantanamo Bay Naval Base who, through counsel, filed a petition for a writ of habeas corpus challenging the legality of his detention. Petitioners now have filed a motion [36] seeking an order preserving evidence regarding each petitioner and requiring thirty days' notice to counsel and the court prior to any transfer or removal of petitioners Al Shimmiri and Al Qahtani. Respondents have filed an opposition [39] to the motion. Petitioners' motion will be granted.

I.  PRESERVATION OF EVIDENCE

Petitioners seek an order preserving evidence pertaining to petitioners. Respondents argue that a preservation order is unnecessary because they duplicate certain of the discovery provisions of the Federal Rules of Civil Procedure. The Supreme Court's opinion in Harris v. Nelson, 394 U.S. 286 (1969), however, makes clear that the discovery provisions of the Federal

-2-

Rules of Civil Procedure do not automatically apply in whole to federal habeas corpus proceedings. Id. at 294 n.5, 298-99. The preservation obligations that flow to a litigant from the federal discovery rules cannot be presumed to apply to habeas litigants absent some express application by a court. Accordingly, a preservation order in habeas proceedings, particularly in proceedings such as these where there has been no full disclosure of the facts on the public record that justify the challenged detention, is not superfluous or unnecessary.

Harris also makes clear that a district court's authority to issue orders pursuant to 28 U.S.C. § 1651 in aid of its fact-finding obligations in habeas corpus proceedings is intended to be flexible and should be exercised as the circumstances require for a proper and just disposition.

> [The Supreme Court has] held explicitly that the purpose and function of the All Writs Act to supply the courts with the instruments needed to perform their duty [to issue orders appropriate to assist them in conducting factual inquiries] . . . extend to habeas corpus proceedings.
>
> At any time in the [habeas corpus] proceedings, when the court considers that it is necessary to do so in order that a fair and meaningful evidentiary hearing may be held so that the court may properly "dispose of the matter as law and justice require," either on its own motion or upon cause shown by the petitioner, it may issue such writs and take or authorize such proceedings with respect to development, before or in conjunction with the hearing of the facts relevant to the claims advanced by the parties, as may be "necessary or appropriate in aid of [its jurisdiction] . . . and agreeable to the usages and principles of law."  28 U.S.C. § 1651.

-3-

> . . . Obviously, in exercising this power, the court may utilize familiar procedures, as appropriate, whether these are found in the civil or criminal rules or elsewhere in the "usages and principles of law."

394 U.S. at 299-300 (footnote omitted). "[T]he power of inquiry on federal habeas corpus is plenary" and its exercise depends entirely on the circumstances. Harris, 394 U.S. at 291.

The preservation order petitioners seek is tailored to preserve "documents and information in . . . [respondents'] possession" that may be "relevant to litigation or potential litigation or are reasonably calculated to lead to the discovery of admissible evidence." Wm. T. Thompson Co. v. General Nutrition Corp., 593 F. Supp. 1443, 1455 (C.D. Cal. 1984). Documents reflecting treatment of detainees –– whether statements of official policy, cumulative evidence of specific practices, or something else –– may be probative of the treatment of petitioners or may lead to other probative evidence. The requested order imposes no greater obligation on respondents than the federal discovery rules' preservation obligations impose on a litigant in a typical civil lawsuit.

II.  NOTICE OF INTENDED REMOVAL OR TRANSFER

Two petitioners seek to have thirty days' notice of any transfer or removal of them from United States custody at Guantanamo. Respondents oppose the motion, arguing that petitioners have not met the standard for an injunction. Respondents' argument is misplaced, as petitioners have not

-4-

sought an injunction. Rather, petitioners seek only notice of a pending or contemplated event over which respondents exercise control.

Twice the Supreme Court has made clear that petitioners such as the ones here may bring and pursue a habeas corpus action in this court. Rasul v. Bush, 542 U.S. 466, 483 (2004) (stating that "[w]e therefore hold that [28 U.S.C.] § 2241 confers on the District Court jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantanamo Bay Naval Base."); Hamdan v. Rumsfeld, 126 S. Ct. 2749, 2764-69 & n.15 (concluding "that § 1005(e)(1) [of the Detainee Treatment Act, ("DTA")] does not strip federal courts' jurisdiction over cases pending on the date of the DTA's enactment"). Petitioners' right to be represented by counsel before this court in pursuing their habeas petition is grounded in the federal habeas statute, 28 U.S.C. § 2241, the Criminal Justice Act, 18 U.S.C. § 3006A, and the All Writs Act, 28 U.S.C. § 1651. See Al Odah v. United States, 346 F. Supp. 2d 1, 5-9, 14-15 (D.D.C. 2004) (holding that 28 U.S.C. §§ 1651 & 2241, and 18 U.S.C. § 3006A "operate together to create this entitlement"). Furthermore, the government is prohibited from abrogating attorney-client communications. See id. at 9-14. Transfer or removal without notice to either counsel or petitioner could, and almost certainly would, interfere with attorney-client communication and counsel's

-5-

ability to represent the clients' legitimate interests before this court.  Requests for thirty days' notice have been granted in numerous other Guantanamo petitioner cases, and no showing has been made that respondents' compliance with orders for thirty days' notice has posed undue hardship or insurmountable problems, even where the transfer itself was classified information. Therefore, in the interest of preserving and respecting petitioners' right to counsel and to be represented in this matter before this court, and right to communicate with counsel for the purpose of representing the clients' legitimate interests, petitioners' request for thirty days' prior notice of any transfer or removal of either petitioner Al Shimmiri or Al Qahtani will be granted.

<u>CONCLUSION AND ORDER</u>

For the foregoing reasons, it is hereby

ORDERED that petitioners' motion [36] be, and hereby is, GRANTED.  Respondents shall preserve and maintain all evidence, documents and information, without limitation, now or ever in respondents' possession, custody or control, regarding the detained petitioners in this case.  It is further

ORDERED that respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall provide this court and

-6-

petitioners Al Shammiri and Al Qahtani and any counsel representing them with thirty days' advance written notice of any transfer or removal of either detained petitioner Al Shimmiri or Al Qahtani from United States custody at Guantanamo Bay.

SIGNED this 25th day of July, 2006.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge