# EXHIBIT B

## SECOND DECLARATION OF PATRICIA A. BRONTE

I, Patricia A. Bronte, declare as follows:

1. I am an attorney licensed to practice in the State of Illinois and a partner in the Chicago office of Jenner & Block LLP. I am one of the attorneys for the Petitioners, Salim Said, Anwar Al Shimmiri, Saad Al Qahtani, Bandar Al Jaabir, and Mohammed Zahrani, in Case No. 1:05 CV 2384 (RWR) (AK). I submit this declaration in support of Petitioners' Reply Memorandum in Support of Motion for Order Directing Respondents to Comply with Protective Order with Respect to Attorney-Client Materials (the "Reply").

2. On June 30, 2006, the Court Security Office ("CSO") informed me that it had received a letter to me from Petitioner Saad Al Qahtani. After the privilege team approved the letter as unclassified, the CSO caused the letter to be sent to me by facsimile on July 3, 2006. This is the only letter I have received from Mr. Al Qahtani, and the only letter from him of which I have been notified.

3. On the morning of August 1, 2006, I arrived at Camp Echo to visit Mr. Al Qahtani. Among my files was a copy of a brief that I filed in this case on behalf of Petitioners. Consistent with common practice, the caption did not list each party but rather was shortened to "Salim Said, et al. v. George W. Bush, et al." The guard inspecting my files questioned whether this brief was directly related to Mr. Al Qahtani's case. I explained how the brief was, indeed, related directly to Mr. Al Qahtani's case. I did this because it was the only way that the guard would permit me to bring the brief to my meeting with Mr. Al Qahtani. Even after my explanation, however, the guard remained skeptical and began to remove the brief from my files.

4. Fortunately, a member of the Staff Judge Advocate's office ("SJA") happened to be present at the time. I explained the issue to the SJA and showed him a copy of the brief, so

CHICAGO_1437957_1

that I would be allowed to bring the brief to my client meeting. The SJA then instructed the guard to allow me to bring the brief into my meeting with Mr. Al Qahtani.

5. During my meeting with Mr. Al Qahtani on August 1, 2006, Mr. Al Qahtani confirmed that he received no mail from his family or friends between August 2004 and August 1, 2006. He explained that, approximately one year earlier, a guard informed Mr. Al Qahtani that there was some mail for him. No mail was given to Mr. Al Qahtani, however, and when he asked another guard about it, he was told that there was never any mail for him.

6. On August 1, 2006, Mr. Al Qahtani informed me that he had written me four (4) letters and received three (3) letters from me since our meeting on June 8, 2006. In addition to the letter referenced in paragraph 2 above, Mr. Al Qahtani told me that he wrote me three (3) letters between June 13 and July 17, 2006. Mr. Al Qahtani asked the guards to collect these letters, but they refused to collect Mr. Al Qahtani's mail at any time during that period. Mr. Al Qahtani delivered all three (3) letters to the guard on July 18, 2006. To date, I have not received any of these letters, nor have I received notice that any of these letters has arrived at the CSO or the secure facility.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing statements are true and correct.

*Patricia A. Bronte*
Patricia A. Bronte

Dated: August 13, 2006

2

CHICAGO_1437957_1