IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALIM SAID, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-2384 (RWR) |
| ) | |
| GEORGE W. BUSH, *et al.,* ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' OPPOSITION TO PETITIONER AL QHATAANI'S MOTION
TO PRESERVE REMAINING EXCULPATORY EVIDENCE**

Petitioner Saad al Qhataani asks this Court to enter an order requiring respondents to provide the Court with information relating to the preservation or destruction of potentially relevant evidence, and for other relief, in light of the destruction of certain tapes by the Central Intelligence Agency, recently disclosed publicly. Pet. Al Qahtani's Mot. to Preserve Remaining Exculpatory Evidence (Jan. 7, 2008) (*see* dkt. no. 79). Because petitioner has failed to establish that it would be appropriate to conduct a judicial inquiry or other proceedings here relating to the CIA tape destruction, because such action could undermine the very interests underlying petitioner's motion, and because the other relief requested by petitioner would be duplicative of a preservation order the Court previously entered in this case, the motion should be denied.

I.     **The Court Should Permit the Pending Investigations and Inquiries to Proceed
Without a Separate Judicial Inquiry.**

Petitioner invites this Court to exercise its inherent powers by conducting an inquiry related to the material destroyed by the CIA, on the theory that the destruction might implicate general evidence preservation obligations arising in this case. In light of the various pending inquiries and investigations by the Executive Branch and Congress into the destruction of the

tapes, however, petitioner has failed to demonstrate that the Court should take the extraordinary

step of opening a judicial inquiry, particularly where the Supreme Court has admonished that

such inherent powers "must be exercised with restraint and discretion." *Roadway Express, Inc.*

*v. Piper*, 447 U.S. 752, 764 (1980).[1]

As the Court may be aware, the Department of Justice conducted a preliminary inquiry

into the destruction of the tapes, and has now begun a criminal investigation into the matter. *See*

United States Department of Justice Press Release dated December 8, 2007 (describing

preliminary inquiry) (attached as Exhibit A); Letter from Kenneth L. Wainstein, Assistant

Attorney General, National Security Division, U.S. Department of Justice, to John A. Rizzo,

Acting General Counsel, Central Intelligence Agency, dated December 8, 2007 (discussing

preliminary inquiry) (attached as Exhibit B); United States Department of Justice Press Release

dated January 2, 2008 (announcing criminal investigation concerning matter of tapes, to be

conducted by Federal Bureau of Investigation under supervision of John Durham, First Assistant

United States Attorney in the United States Attorney's Office for the District of Connecticut,

---

[1] Petitioner's request that this Court act precipitously to initiate an inquiry would not be consistent with the Supreme Court's expectation that:

> [A] District Court would proceed with the caution that we have indicated is necessary in this setting, engaging in a factfinding process that is both prudent and incremental. We have no reason to doubt that courts faced with these sensitive matters will pay proper heed both to the matters of national security that might arise in an individual case and to the constitutional limitations safeguarding essential liberties that remain vibrant even in times of security concerns.

*Hamdi v. Rumsfeld*, 542 U.S. 507, 538-39 (2004) (plurality opinion). (Of course, the petitioner in *Hamdi* was a United States citizen. The question of whether aliens held outside the United States, such as petitioner here, could assert constitutional protections was decided by the Court of Appeals against detainees such as petitioner and is one of the questions currently before the Supreme Court in *Boumediene*.)

appointed to serve as Acting United States Attorney for the Eastern District of Virginia for purposes of this matter) (attached as Exhibit C). The Department's investigation in this regard involves determining whether the destruction of the tapes constituted a criminal violation of any legal obligations, including those arising out of this Court's July 25, 2006, order to preserve evidence regarding the detained petitioners in this case, *see Said v. Bush*, Mem. Order at 5 (July 25, 2006) (dkt. no. 41), or otherwise arising in cases such as this.

When the Department of Justice is actively engaged in gathering the facts, determining whether the facts rise to the level of warranting further action, and emphasizing, on its own, the importance of the CIA's preservation of relevant material,[2] proceeding hastily into a separate judicial inquiry is both unnecessary and potentially disruptive.[3] Indeed, requiring individuals potentially involved in the destruction of the tapes to provide information to this Court at the same time as the Department of Justice is conducting a criminal investigation into what such

---

[2] *See* Exhibit B (Dec. 8, 2007 Letter from Kenneth L. Wainstein, Assistant Attorney General, National Security Division, U.S. Department of Justice, to John A. Rizzo, Acting General Counsel, Central Intelligence Agency, stating, "I understand that you have undertaken to preserve any records or other documentation that would facilitate this inquiry").

[3] On December 20, 2007, Central Intelligence Agency Director Michael V. Hayden issued an order to all CIA personnel to preserve and maintain all documents, information, and evidence relating to any detainee held at Guantanamo Bay and any detainee held by the CIA, including future detainees as well as past and present detainees. In particular, Director Hayden has "issued an order to all CIA personnel to preserve and maintain all documents, information, and evidence relating to (A) any detainee held at the United States Naval Base Guantanamo Bay, Cuba; and (B) any detainee held by the CIA." *See* Opp'n to Pet'r's Mots. for Preservation Order and for Declaratory J. Ex. C. ¶ 4 (Decl. of General Michael V. Hayden, USAF, Director, Central Intelligence Agency), *Khan v. Gates*, No. 07-1324 (D.C. Cir.) (attached as Exhibit D). Director Hayden's "order is a continuing obligation that applies to future as well as past and present detainees." *Id.* ¶ 4.

3

individuals may have done, could potentially complicate the investigation, including the ongoing efforts to arrive at a full factual understanding of the matter.[4]

Judge Kennedy of this Court recently cited the pendency of the Department of Justice's criminal investigation in denying a motion seeking an inquiry similar to that requested by petitioner in his motion. *See* Jan. 9, 2008 Memorandum and Order, *Abdah v. Bush*, No. 04-cv-1254 (HHK) (dkt. no. 230) (attached as Exhibit G). Judge Kennedy noted that the presumption that public officers will properly discharge their official, investigative duties "is especially warranted with respect to the newly appointed Attorney General and Department of Justice lawyers." *Id.* at 3. This Court similarly should decline to proceed with the judicial inquiry requested by petitioner in this case.

To the extent petitioner pitches his request for a judicial inquiry as an attempt to obtain information for purposes of litigating the merits of the case, it would certainly not be appropriate. That would constitute discovery, which is not available as of right in a habeas corpus case generally. *See Harris v. Nelson*, 394 U.S. 286, 299 (1969). Further, under the law of the Circuit, this Court does not have jurisdiction to consider the merits of this case, as discussed in Section III, *infra*. Indeed, for that reason, this Court has stayed proceedings in this case and administratively closed the case. See Minute Order of July 2, 2007.

Furthermore, petitioner's motion requests that the Court enter an order requiring preservation of evidence petitioner believes may be potentially relevant to his challenge to the

---

[4] In addition to the Department of Justice, the Intelligence Committees of both the House of Representatives and the Senate have announced their intention to conduct investigations into the tapes destruction matter. *See* House Intelligence Committee Press Release, dated December 10, 2007 (attached as Exhibit E); Press Release from Office of Senator Jay Rockefeller, dated December 7, 2007 (attached as Exhibit F).

legality of his detention.  On July 25, 2006, however, this Court entered an order directing that

"Respondents shall preserve and maintain all evidence, documents and information, without

limitation, now or ever in respondents' possession, custody or control, regarding the detained

petitioners in this case." *Said v. Bush*, Mem. Order at 5 (July 25, 2006) (dkt. no. 41).

II.    **The Pendency of Various Similar Motions Before Other Judges of This Court Underscores the Need for Caution Before Proceeding With a Judicial Inquiry.**

In addition to petitioner's motion, various similar motions have been filed in *habeas*

cases presently pending before other judges of this Court.  *See Abdullah v. Bush,* No. 05-cv-23

(RWR) (Mot. to Compel Resp'ts to Report on Their Compliance with the Court's Preservation

Order of July 18, 2005) (dkt. no. 77); *Zalita v. Bush*, 05-cv-1220 (D.D.C.) (RMU) (*see* dkt. no.

81); *Al-Marri v. Bush*, 04-cv-2035 (D.D.C.) (GK) (dkt. no. 76); *Alhami v. Bush*, 05-cv-0359

(D.D.C.) (GK) (filed Dec. 26, 2007).[5]  Furthermore, a petitioner seeking review of his

designation as an enemy combatant under the Detainee Treatment Act has notified respondents

that he intends to file a motion in the Court of Appeals requesting that that court conduct a

similar inquiry.  The potential disruption of the ongoing Department of Justice investigation as a

result of a Court-ordered inquiry into the same conduct would, of course, be compounded by

multiple judicial inquiries into the matter.  Accordingly, the Court should not proceed with the

inquiry requested by petitioner.

III.   **The Court Lacks Jurisdiction over the Underlying Petition.**

Aside from petitioner's failure to demonstrate why this Court should initiate an inquiry at

this time, or that doing so would be prudent in light of the ongoing investigations, the Court

---

[5]  Judge Kennedy considered and denied such a motion in *Abdah v. Bush,* No. 04-cv-1254 (D.D.C.) (HHK) (dkt. no. 230), as discussed *supra*.

should not grant petitioner's motion for the simple reason that the Court lacks jurisdiction over the underlying petition for habeas corpus. Petitioner's arguments are premised upon petitioner's view as to the type of information that may be relevant to litigation of the merits of petitioner's claims. *See* Mem. in Supp. of Pet'r Al Qahtani's Mot. to Preserve Remaining Exculpatory Evidence at 7–8 (citing concern that petitioner be able to challenge in merits litigation any information obtained through coercion or any evidence derived from such information). Unless and until the Supreme Court acts in a way that changes the law as set forth in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (June 29, 2007), however, the law in this Circuit is clear that the Court lacks jurisdiction over the subject matter of the underlying petition.[6] For these reasons, the Court should forbear from granting the relief requested in petitioner's motion. *Cf. Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).

\* \* \* \* \*

In light of the separate investigations by the Executive Branch and Congress concerning the destruction of tapes, given that the Court has already entered a preservation order in this case, given the multiple pending requests for Court investigation, and because this Court lacks jurisdiction over the underlying petition in any event, petitioner's motion should be denied.

---

[6] *See also Rasul v. Myers*, 2008 WL 108731 at \*14 (D.C. Cir. 2008) ("*Boumediene* . . . remains the law of this Circuit"); *id.* at \*14 n.15 ("*Boumediene* is currently before the Supreme Court on certiorari review. Nevertheless, we must follow Circuit precedent until and unless it is altered by our own *en banc* review or by the High Court.") (citation omitted).

Dated: January 21, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

CARL J. NICHOLS
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   _/s/ Judry L. Subar_
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107

Attorneys for Respondents