Exhibit D



**THE SECRETARY OF THE NAVY**
WASHINGTON, D.C. 20350-1000

**29 July 2004**

MEMORANDUM FOR DISTRIBUTION

Subj: Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants detained at Guantanamo Bay Naval Base, Cuba

Ref:  (a) Deputy Secretary of Defense Order of July 7, 2004
      (b) Convening Authority Appointment Letter of July 9, 2004

Encl: (1) Combatant Status Review Tribunal Process
      (2) Recorder Qualifications, Roles and Responsibilities
      (3) Personal Representative Qualifications, Roles and Responsibilities
      (4) Combatant Status Review Tribunal Notice to Detainees
      (5) Sample Detainee Election Form
      (6) Sample Nomination Questionnaire
      (7) Sample Appointment Letter for Combatant Status Review Tribunal Panel
      (8) Combatant Status Review Tribunal Hearing Guide
      (9) Combatant Status Review Tribunal Decision Report Cover Sheet

1.  Introduction

    By reference (a), the Secretary of Defense has established a Combatant Status Review Tribunal (CSRT) process to determine, in a fact-based proceeding, whether the individuals detained by the Department of Defense at the U.S. Naval Base Guantanamo Bay, Cuba, are properly classified as enemy combatants and to permit each detainee the opportunity to contest such designation. The Secretary of the Navy has been appointed to operate and oversee this process.

    The Combatant Status Review Tribunal process provides a detainee: the assistance of a Personal Representative; an interpreter if necessary; an opportunity to review unclassified information relating to the basis for his detention; the opportunity to appear personally to present reasonably available information relevant to why he should not be classified as an enemy combatant; the opportunity to question witnesses testifying at the Tribunal; and, to the extent they are

Subj:  Implementation of Combatant Status Review Tribunal
       Procedures for Enemy Combatants detained at Guantanamo
       Bay Naval Base, Cuba

reasonably available, the opportunity to call witnesses on his
behalf.

2.  Authority

    The Combatant Status Review Tribunal process was established
by Deputy Secretary of Defense Order dated July 7, 2004
(reference (a)), which designated the undersigned to operate and
oversee the Combatant Status Review Tribunal process.  The
Tribunals will be governed by the provisions of reference (a)
and this implementing directive, which sets out procedures for
Tribunals and establishes the position of Director, Combatant
Status Review Tribunals.  Reference (b) designates the Director,
CSRT, as the convening authority for the Tribunal process.

3.  Implementing Process

    The Combatant Status Review Tribunal Process is set forth in
enclosure (1).  Enclosures (2) and (3) set forth detailed
descriptions of the roles and responsibilities of the Recorder
and Personal Representative respectively.  Enclosure (4) is a
Notice to detainees regarding the CSRT process.  Enclosure (5)
is a Sample Detainee Election Form.  Enclosure (6) is a Sample
Nominee Questionnaire for approval of Tribunal members,
Recorders, and Personal Representatives.  Enclosure (7) is an
Appointment Letter that will be signed by the Director of CSRT
as the convening authority.  Enclosure (8) is a CSRT Hearing
Guide. Tribunal decisions will be reported to the convening
authority by means of enclosure (9).  This implementing
directive is subject to revision at any time.

CC:
Secretary of State
Secretary of Defense
Attorney General
Secretary of Homeland Security
Director, Central Intelligence Agency
Assistant to the President for National Security Affairs
Counsel to the President

2

Deputy Secretary of Defense
Secretary of the Army
Secretary of the Navy
Secretary of the Air Force
Chairman of the Joint Chiefs of Staff
Director, Federal Bureau of Investigation
Director of Defense Agencies
Director, DOD Office of Detainee Affairs

# Combatant Status Review Tribunal Process

## A. Organization

Combatant Status Review Tribunals (CSRT) will be administered by the Director, Combatant Status Review Tribunals. The Director will staff and structure the Tribunal organization to facilitate its operation. The CSRT staff will schedule Tribunal proceedings, provide for interpreter services, provide legal advice to the Director and to Tribunal panels, provide clerical assistance and other administrative support, ensure information security, and coordinate with other agencies as appropriate.

## B. Purpose and Function

This process will provide a non-adversarial proceeding to determine whether each detainee in the control of the Department of Defense at the Guantanamo Bay Naval Base, Cuba, meets the criteria to be designated as an enemy combatant, defined in reference (a) as follows:

> An "enemy combatant" for purposes of this order shall mean an individual who was part of or supporting Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who has committed a belligerent act or has directly supported hostilities in aid of enemy armed forces.

Each detainee whose status will be reviewed by a Tribunal has previously been determined, since capture, to be an enemy combatant through multiple levels of review by military officers and officials of the Department of Defense.

The Director, CSRT, shall convene Tribunals pursuant to this implementing directive to conduct such proceedings as necessary to make a written assessment as to each detainee's status as an enemy combatant. Each Tribunal shall determine whether the preponderance of the evidence supports the conclusion that each detainee meets the criteria to be designated as an enemy combatant.

Adoption of the procedures outlined in this directive is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, instrumentalities or entities, its officers, employees or agents, or any other person.

## C. Combatant Status Review Tribunal Structure

(1)  Each Tribunal shall be composed of a panel of three neutral commissioned officers of the U.S. Armed Forces convened to make determinations of enemy combatant status pursuant to this implementing directive. Each of the officers shall possess the appropriate security clearance and none of the officers appointed shall have been involved in the apprehension, detention, interrogation, or previous determination of status of the detainees other than the CSRT process. The senior member of each Tribunal shall be an officer serving in the grade of O-6 and shall be its President. The other members of the Tribunal shall be officers in the grade of O-4 and above. One of

Enclosure (1)

the officers appointed to the Tribunal shall be a judge advocate. All Tribunal members have an equal vote as to a detainee's enemy combatant status.

(2) **Recorder.** Each Tribunal shall have a commissioned officer serving in the grade of O-3 or above, preferably a judge advocate, appointed by the Director, CSRT, to obtain and present all relevant evidence to the Tribunal and to cause a record to be made of the proceedings. The Recorder shall have an appropriate security clearance and shall have no vote. The Recorder shall not have been involved in the apprehension, detention, interrogation, or previous determination of status of the detainees other than the CSRT process. The role and responsibilities of the Recorder are set forth in enclosure (2).

(3) **Personal Representative.** Each Tribunal shall have a commissioned officer appointed by the Director, CSRT, to assist the detainee in reviewing all relevant unclassified information, in preparing and presenting information, and in questioning witnesses at the CSRT. The Personal Representative shall be an officer in the grade of O-4 or above, shall have the appropriate security clearance, shall not be a judge advocate, and shall have no vote. The Personal Representative shall not have been involved in the apprehension, detention, interrogation, or previous determination of status of the detainees other than the CSRT process. The role and responsibilities of the Personal Representative are set forth in enclosure (3).

(4) **Legal Advisor.** The Director, CSRT, shall appoint a judge advocate officer as the Legal Advisor to the Tribunal process. The Legal Advisor shall be available in person, telephonically, or by other means, to each Tribunal as an advisor on legal, evidentiary, procedural or other matters. In addition, the Legal Advisor shall be responsible for reviewing each Tribunal decision for legal sufficiency. The Legal Advisor shall have an appropriate security clearance and shall have no vote. The Legal Advisor shall also not have been involved in the apprehension, detention, interrogation, or previous determination of status of the detainees other than the CSRT process.

(5) **Interpreter.** If needed, each Tribunal will have an interpreter appointed by the President of the Tribunal who shall be competent in English and a language understood by the detainee. The interpreter shall have no vote and will have an appropriate security clearance.

## D. Handling of Classified Material

(1) All parties shall have due regard for classified information and safeguard it in accordance with all applicable instructions and regulations. The Tribunal, Recorder and Personal Representative shall coordinate with an Information Security Officer in the handling and safeguarding of classified material before, during and after the Tribunal proceeding.

(2) The Director, CSRT, and the Tribunal President have the authority and duty to ensure that all proceedings of, or in relation to, a Tribunal under this Order shall comply with Executive Order 12958 regarding national security information in all respects. Classified information may be used in the CSRT process with the concurrence of the

2

**Enclosure (1)**

originating agency. Classified information for which the originating agency declines to authorize for use in the CSRT process is not reasonably available. For any information not reasonably available, a substitute or certification will be requested from the originating agency as cited in paragraph E (3)(a) below.

(3)   The Director, CSRT, the CSRT staff, and the participants in the CSRT process do not have the authority to declassify or change the classification of any classified information.

## E.  Combatant Status Review Tribunal Authority

The Tribunal is authorized to:

(1)   Determine the mental and physical capacity of the detainee to participate in the hearing. This determination is intended to be the perception of a layperson, not a medical or mental health professional. The Tribunal may direct a medical or mental health evaluation of a detainee, if deemed appropriate. If a detainee is deemed physically or mentally unable to participate in the CSRT process, that detainee's case will be held as a Tribunal in which the detainee elected not to participate. The Tribunal President shall ensure that the circumstances of the detainee's absence are noted in the record.

(2)   Order U.S. military witnesses to appear and to request the appearance of civilian witnesses if, in the judgment of the Tribunal President those witnesses are reasonably available as defined in paragraph G (9) of this enclosure.

(3)   Request the production of such reasonably available information in the possession of the U.S. Government bearing on the issue of whether the detainee meets the criteria to be designated as an enemy combatant, including information generated in connection with the initial determination to hold the detainee as an enemy combatant and in any subsequent reviews of that determination, as well as any records, determinations, or reports generated in connection with such proceedings (cumulatively called hereinafter the "Government Information").

(a) For any relevant information not provided in response to a Tribunal's request, the agency holding the information shall provide either an acceptable substitute for the information requested or a certification to the Tribunal that none of the withheld information would support a determination that the detainee is not an enemy combatant. Acceptable substitutes may include an unclassified or, if not possible, a lesser classified, summary of the information; or a statement as to the relevant facts the information would tend to prove.

(4)   Require each witness (other than the detainee) to testify under oath. The detainee has the option of testifying under oath or unsworn. Forms of the oath for Muslim and non-Muslim witnesses are in the Tribunal Hearing Guide (enclosure (8)). The Tribunal Recorder will administer the oath.

Enclosure (1)

**F.    The Detainee's Participation in the CSRT Process**

(1)    The detainee may elect to participate in a Combatant Status Review Tribunal or may waive participation in the process. Such waiver shall be submitted to the Tribunal in writing by the detainee's Personal Representative and must be made after the Personal Representative has explained the Tribunal process and the opportunity of the detainee to contest this enemy combatant status. The waiver can be either an affirmative statement that the detainee declines to participate or can be inferred by the Personal Representative from the detainee's silence or actions when the Personal Representative explains the CSRT process to the detainee. The detainee's election shall be noted by the Personal Representative on enclosure (5).

(2)    If a detainee waives participation in the Tribunal process, the Tribunal shall still review the detainee's status without requiring the presence of the detainee.

(3)    A detainee who desires to participate in the Tribunal process shall be allowed to attend all Tribunal proceedings except for proceedings involving deliberation and voting by the members and testimony or other matters that would compromise national security if held in the presence of the detainee.

(4)    The detainee may not be compelled to testify or answer questions before the Tribunal other than to confirm his identity.

(5)    The detainee shall not be represented by legal counsel but will be aided by a Personal Representative who may, upon the detainee's election, assist the detainee at the Tribunal. He shall be provided with an interpreter during the Tribunal hearing if necessary.

(6)    The detainee may present evidence to the Tribunal, including the testimony of witnesses who are reasonably available and whose testimony is considered by the Tribunal to be relevant. Evidence on the detainee's behalf (other than his own testimony, if offered) may be presented in documentary form and through written statements, preferably sworn.

(7)    The detainee may present oral testimony to the Tribunal and may elect to do so under oath or affirmation or as unsworn testimony. If the detainee testifies, either under oath or unsworn, he may be questioned by the Recorder, Personal Representative, or Tribunal members, but may not be compelled to answer questions before the Tribunal.

(8)    The detainee's Personal Representative shall be afforded the opportunity to review the Government Information, and to consult with the detainee concerning his status as an enemy combatant and any challenge thereto. The Personal Representative may share the unclassified portion of the Government Information with the detainee.

(9)    The detainee shall be advised of the foregoing by his Personal Representative before the Tribunal is convened, and by the Tribunal President at the beginning of the hearing.

**Enclosure (1)**

## G. Tribunal Procedures

(1)   By July 17, 2004, the convening authority was required to notify each detainee of the opportunity to contest his status as an enemy combatant in the Combatant Status Review Tribunal process, the opportunity to consult with and be assisted by a Personal Representative, and of the jurisdiction of the courts of the United States to entertain a habeas corpus petition filed on the detainee's behalf. The English language version of this Notice to Detainees is at enclosure (4). All detainees were so notified July 12-14, 2004.

(2)   An officer appointed as a Personal Representative will meet with the detainee and, through an interpreter if necessary, explain the nature of the CSRT process to the detainee, explain his opportunity to personally appear before the Tribunal and present evidence, and assist the detainee in collecting relevant and reasonably available information and in preparing for and presenting information to the CSRT.

(3)   The Personal Representative will have the detainee make an election as to whether he wants to participate in the Tribunal process. Enclosure (5) is a Detainee Election Form. If the detainee elects not to participate, or by his silence or actions indicates that he does not want to participate, the Personal Representative will note this on the election form and this detainee will not be required to appear at his Tribunal hearing. The Director, CSRT, as convening authority, shall appoint a Tribunal as described in paragraph C (1) of this enclosure for all detainees after reviewing Nomination Questionnaires (enclosure (6)) and approving Tribunal panel members. Enclosure (7) is a sample Appointment Letter.

(4)   The Director, CSRT, will schedule a Tribunal hearing for a detainee within 30 days after the detainee's Personal Representative has reviewed the Government Information, had an opportunity to consult with the detainee, and notified the detainee of his opportunity to contest his status, even if the detainee declines to participate as set forth above. The Personal Representative will submit a completed Detainee Election Form to the Director, CSRT, or his designee when the Personal Representative has completed the actions above. The 30-day period to schedule a Tribunal will commence upon receipt of this form.

(5)   Once the Director, CSRT, has scheduled a Tribunal, the President of the assigned Tribunal panel may postpone the Tribunal for good cause shown to provide the detainee or his Personal Representative a reasonable time to acquire evidence deemed relevant and necessary to the Tribunal's decision, or to accommodate military exigencies as presented by the Recorder.

(6)   All Tribunal sessions except those relating to deliberation or voting shall be recorded on audiotape. Tribunal sessions where classified information is discussed shall be recorded on separate and properly marked audiotapes.

Enclosure (1)

(7) **Admissibility of Evidence.** The Tribunal is not bound by the rules of evidence such as would apply in a court of law. Instead, the Tribunal shall be free to consider any information it deems relevant and helpful to a resolution of the issues before it. At the discretion of the Tribunal, for example, it may consider hearsay evidence, taking into account the reliability of such evidence in the circumstances.

(8) **Control of Case.** The President of the Tribunal is authorized to order the removal of any person from the hearing if that person is disruptive, uncooperative, or otherwise interferes with the Tribunal proceedings following a warning. In the case of the removal of the detainee from the Tribunal hearing, the detainee's Personal Representative shall continue in his role of assisting the detainee in the hearing.

(9) **Availability of Witnesses.** The President of the Tribunal is the decision authority on reasonable availability of witnesses.

(a) If such witnesses are from within the U.S. Armed Forces, they shall not be considered reasonably available if, as determined by their commanders, their presence at a hearing would adversely affect combat or support operations.

(b) If such witnesses are not from within the U.S. Armed Forces, they shall not be considered reasonably available if they decline properly made requests to appear at a hearing, if they cannot be contacted following reasonable efforts by the CSRT staff, or if security considerations preclude their presence at a hearing. Non-U.S. Government witnesses will appear before the Tribunal at their own expense. Payment of expenses for U.S. Government witnesses will be coordinated by the CSRT staff and the witness's organization.

(c) For any witnesses who do not appear at the hearing, the President of the Tribunal may allow introduction of evidence by other means such as e-mail, fax copies, and telephonic or video-telephonic testimony. Since either video-telephonic or telephonic testimony is equivalent to in-person testimony, the witness shall be placed under oath and is subject to questioning by the Tribunal.

(10) **CSRT Determinations on Availability of Evidence.** If the detainee requests witnesses or evidence deemed not reasonably available, the President of the Tribunal shall document the basis for that decision; to include, for witnesses, efforts undertaken to procure the presence of the witness and alternatives considered or used in place of that witness's in-person testimony.

(11) **Burden of Proof.** Tribunals shall determine whether the preponderance of the evidence supports the conclusion that each detainee meets the criteria to be designated as an enemy combatant. There is a rebuttable presumption that the Government Evidence, as defined in paragraph H (4) herein, submitted by the Recorder to support a determination that the detainee is an enemy combatant, is genuine and accurate.

**Enclosure (1)**

(12) **Voting.** The decisions of the Tribunal shall be determined by a majority of the voting members of the Tribunal. A dissenting member shall prepare a brief summary of the basis for his/her opinion, which shall be attached to the record forwarded for legal review. Only the Tribunal members shall be present during deliberation and voting.

## H. Conduct Of Hearing

A CSRT Hearing Guide is attached at enclosure (8) and provides guidance on the conduct of the Tribunal hearing. The Tribunal's hearing shall be substantially as follows:

(1)    The President shall call the Tribunal to order, and announce the order appointing the Tribunal (see enclosure (7)). The President shall also ensure that all participants are properly sworn to faithfully perform their duties.

(2)    The Recorder shall cause a record to be made of the time, date, and place of the hearing, and the identity and qualifications of all participants. All proceedings shall be recorded on audiotape except those portions relating to deliberations and voting. Tribunal sessions where classified information is discussed shall be recorded on separate and properly marked audiotapes.

(3)    The President shall advise the detainee of the purpose of the hearing, the detainee's opportunity to present evidence, and of the consequences of the Tribunal's decision. In cases requiring an interpreter, the President shall ensure the detainee understands these matters through the interpreter.

(4)    The Recorder shall present to the Tribunal such evidence in the Government Information as may be sufficient to support the detainee's classification as an enemy combatant, including the circumstances of how the detainee was taken into the custody of U.S. or allied forces (the evidence so presented shall constitute the "Government Evidence"). In the event the Government Information contains evidence to suggest that the detainee should not be designated as an enemy combatant, the Recorder shall also separately provide such evidence to the Tribunal.

(5)    The Recorder shall present to the Tribunal an unclassified report summarizing the Government Evidence and any evidence to suggest that the detainee should not be designated as an enemy combatant. This report shall have been provided to the detainee's Personal Representative in advance of the Tribunal hearing.

(6)    The Recorder shall call the witnesses, if any. Witnesses shall be excluded from the hearing except while testifying. An oath or affirmation shall be administered to each witness by the Recorder. When deemed necessary or appropriate, the Tribunal members can call witnesses who are reasonably available to testify or request the production of reasonably available documentary or other evidence.

(7)    The detainee shall be permitted to present evidence and question any witnesses. The Personal Representative shall assist the detainee in obtaining unclassified documents and in arranging the presence of witnesses reasonably available and, if the detainee elects, the Personal Representative shall assist the detainee in the presentation of

7

**Enclosure (1)**

information to the Tribunal. The Personal Representative may, outside the presence of the detainee, present or comment upon classified information that bears upon the detainee's status if it would aid the Tribunal's deliberations.

(8)  When deemed necessary and appropriate by any member of the Tribunal, the Tribunal may recess the Tribunal hearing to consult with the Legal Advisor as to any issues relating to evidence, procedure, or other matters. The President of the Tribunal shall summarize on the record the discussion with the Legal Advisor when the Tribunal reconvenes.

(9)  The Tribunal shall deliberate in closed session with only voting members present. The Tribunal shall make its determination of status by a majority vote. The President shall direct a Tribunal member to document the Tribunal's decision on the Combatant Status Review Tribunal Decision Report cover sheet (enclosure (9)), which will serve as the basis for the Recorder's preparation of the Tribunal record. The unclassified reasons for the Tribunal's decision shall be noted on the Tribunal Decision Report cover sheet, and should include, as appropriate, the detainee's organizational membership or affiliation with a governmental, military, or terrorist organization (*e.g.*, Taliban, al Qaida, etc.). A dissenting member shall prepare a brief summary of the basis for his/her opinion.

(10)  Both documents shall be provided to the Recorder as soon as practicable after the Tribunal concludes.

## I.  Post-Hearing Procedures

(1)  The Recorder shall prepare the record of the hearing and ensure that the audiotape is preserved and properly classified in conformance with security regulations.

(2)  The detainee's Personal Representative shall be provided the opportunity to review the record prior to the Recorder forwarding it to the President of the Tribunal. The Personal Representative may submit, as appropriate, observations or information that he/she believes was presented to the Tribunal and is not included or accurately reflected on the record.

(3)  The Recorder shall provide the completed record to the President of the Tribunal for signature and forwarding for legal review.

(4)  In all cases the following items will be attached to the decision which, when complete and signed by the Tribunal President, shall constitute the record:

   (a)  A statement of the time and place of the hearing, persons present, and their qualifications;

   (b)  The Tribunal Decision Report cover sheet;

   (c)  The classified and unclassified reports detailing the findings of fact upon which the Tribunal decision was based;

8

Enclosure (1)

(d) Copies of all documentary evidence presented to the Tribunal and summaries of all witness testimony. If classified material is part of the evidence submitted or considered by the Tribunal, the report will be properly marked and handled in accordance with all applicable security regulations; and

(e) A dissenting member's summary report, if any.

(5)   The President of the Tribunal shall forward the Tribunal's decision and all supporting documents as set forth above to the Director, CSRT, acting as Convening Authority, via the CSRT Legal Advisor, within three working days of the date of the Tribunal decision. If additional time is needed, the President of the Tribunal shall request an extension from the Director, CSRT.

(6)   The Recorder shall ensure that all audiotapes of the Tribunal hearing are properly marked with identifying information and classification markings, and stored in accordance with all applicable security regulations. These tapes may be reviewed and transcribed as necessary for the legal sufficiency and Convening Authority reviews.

(7)   The CSRT Legal Advisor shall conduct a legal sufficiency review of all cases. The Legal Advisor shall render an opinion on the legal sufficiency of the Tribunal proceedings and forward the record with a recommendation to the Director, CSRT. The legal review shall specifically address Tribunal decisions regarding reasonable availability of witnesses and other evidence.

(8)   The Director, CSRT, shall review the Tribunal's decision and may approve the decision and take appropriate action, or return the record to the Tribunal for further proceedings. In cases where the Tribunal decision is approved and the case is considered final, the Director, CSRT, shall so advise the DoD Office of Detainee Affairs, the Secretary of State, and any other relevant U.S. Government agencies.

(9)   If the Tribunal determines that the detainee shall no longer be classified as an enemy combatant, and the Director, CSRT, approves the Tribunal's decision, the Director, CSRT, shall forward the written report of the Tribunal's decision directly to the Secretary of the Navy. The Secretary of the Navy shall so advise the DoD Office of Detainee Affairs, the Secretary of State, and any other relevant U.S. Government agencies, in order to permit the Secretary of State to coordinate the transfer of the detainee with representatives of the detainee's country of nationality for release or other disposition consistent with applicable laws. In these cases the Director, CSRT, will ensure coordination with the Joint Staff with respect to detainee transportation issues.

(10)  The detainee shall be notified of the Tribunal decision by the Director, CSRT. If the detainee has been determined to no longer be designated as an enemy combatant, he shall be notified of the Tribunal decision upon finalization of transportation arrangements or at such earlier time as deemed appropriate by the Commander, JTF-GTMO.

Enclosure (1)

# Recorder Qualifications, Roles and Responsibilities

## A. Qualifications of the Recorder

(1) For each case, the Director, CSRT, shall select a commissioned officer in the grade of O-3 or higher, preferably a judge advocate, to serve as a Recorder.

(2) Recorders must have at least a TOP SECRET security clearance. The Director shall ensure that only properly cleared officers are assigned as Recorders.

## B. Roles of the Recorder

(1) Subject to section C (1), below, the Recorder has a duty to present to the CSRT such evidence in the Government Information as may be sufficient to support the detainee's classification as an enemy combatant, including the circumstances of how the detainee was taken into the custody of U.S. or allied forces (the "Government Evidence"). In the event the Government Information contains evidence to suggest that the detainee should not be designated as an enemy combatant, the Recorder shall also provide such evidence to the Tribunal.

(2) The Recorder shall have due regard for classified information and safeguard it in accordance with all applicable instructions and regulations. The Recorder shall coordinate with an Information Security Officer (ISO) in the handling and safeguarding of classified material before, during, and following the Tribunal process.

## C. Responsibilities of the Recorder

(1) For each assigned detainee case under review, the Recorder shall obtain and examine the Government Information as defined in paragraph E (3) of enclosure (1).

(2) The Recorder shall draft a proposed unclassified summary of the relevant evidence derived from the Government Information.

(3) The Recorder shall ensure appropriate coordination with original classification authorities for any classified information presented that was used in the preparation of the proposed unclassified summary.

(4) The Recorder shall permit the assigned Personal Representative access to the Government Information and will provide the unclassified summary to the Personal Representative in advance of the Tribunal hearing.

(5) The Recorder shall ensure that coordination is maintained with Joint Task Force-Guantanamo Bay and the Criminal Investigative Task Force to deconflict any other ongoing activities and arrange for detainee movements and security.

(6) The Recorder shall present the Government Evidence orally or in documentary form to the Tribunal. The Recorder shall also answer questions, if any, asked by the Tribunal.

(7)    The Recorder shall administer an appropriate oath to the Tribunal members, the Personal Representative, the paralegal/reporter, the interpreter, and all witnesses (including the detainee if he elects to testify under oath).

(8)    The Recorder shall prepare a Record of Proceedings, and, if applicable, a record of the dissenting member's report.  The Record of Proceedings should include:

   (a) A statement of the time and place of the hearing, persons present, and their qualifications;

   (b) The Tribunal Decision Report cover sheet;

   (c) The classified and unclassified reports detailing the findings of fact upon which the Tribunal decision was based;

   (d) Copies of all documentary evidence presented to the Tribunal and summaries of all witness testimony. If classified material is part of the evidence submitted or considered by the Tribunal, the report will be properly marked and handled in accordance with applicable security regulations; and

   (e) A dissenting member's summary report, if any.

(9)    The Recorder shall provide the detainee's Personal Representative the opportunity to review the record prior to the Recorder forwarding it to the President of the Tribunal. The Personal Representative may submit, as appropriate, observations or information that he/she believes was presented to the Tribunal and is not included or accurately reflected on the record.

(10)   The Recorder shall submit the completed Record of Proceedings to the President of the Tribunal who shall sign and forward it to the Director, CSRT via the CSRT Legal Advisor. Once signed by the Tribunal President, the completed record is considered the official record of the Tribunal's decision.

(11)   The Recorder shall ensure that all audiotapes of the Tribunal hearing are properly marked with identifying information and classification markings, and stored in accordance with applicable security regulations. These tapes are considered part of the case record and may be reviewed and transcribed as necessary for the legal sufficiency and convening authority reviews.

2

**Enclosure (2)**

## Personal Representative Qualifications, Roles and Responsibilities

**A. Qualifications of Personal Representative**

(1)   For each case, the Director, CSRT, shall select a commissioned officer serving in the grade of O-4 or higher to serve as a Personal Representative. The Personal Representative shall not be a judge advocate.

(2)   Personal Representatives must have at least a TOP SECRET security clearance. The Director shall ensure that only properly cleared officers are assigned as Personal Representatives.

**B. Roles of the Personal Representative**

(1)   The detainees were notified of the Tribunal process per reference (a). When detailed to a detainee's case the Personal Representative shall further explain the nature of the CSRT process to the detainee, explain his opportunity to present evidence and assist the detainee in collecting relevant and reasonably available information and in preparing and presenting information to the Tribunal.

(2)   The Personal Representative shall have due regard for classified information and safeguard it in accordance with all applicable instructions and regulations. The Personal Representative shall coordinate with an Information Security Officer (ISO) in the handling and safeguarding of classified material before, during, and after the Tribunal process.

**C. Responsibilities of the Personal Representative**

(1)   The Personal Representative is responsible for explaining the nature of the CSRT process to the detainee. Upon first contact with the detainee, the Personal Representative shall explain to the detainee that no confidential relationship exists or may be formed between the detainee and the Personal Representative. The Personal Representative shall explain the detainee's opportunity to make a personal appearance before the Tribunal. The Personal Representative shall request an interpreter, if needed, to aid the detainee in making such appearance and in preparing his presentation. The Personal Representative shall explain to the detainee that he may be subject to questioning by the Tribunal members, but he cannot be compelled to make any statement or answer any questions. Paragraph D, below, provides guidelines for the Personal Representative meeting with the enemy combatant prior to his appearance before the Tribunal.

(2)   After the Personal Representative has reviewed the Government Information, had an opportunity to consult with the detainee, and notified the detainee of his opportunity to contest his status, even if the detainee declines to participate as set forth above, the Personal Representative shall complete a Detainee Election Form (enclosure (5)) and provide this form to the Director, CSRT.

**Enclosure (3)**

(3)  The Personal Representative shall review the Government Evidence that the Recorder plans to present to the CSRT and shall permit the Recorder to review documentary evidence that will be presented to the CSRT on the detainee's behalf.

(4)  Using the guidelines set forth in paragraph D, the Personal Representative shall meet with the detainee, using an interpreter if necessary, in advance of the CSRT. In no circumstance shall the Personal Representative disclose classified information to the detainee.

(5)  If the detainee elects to participate in the Tribunal process, the Personal Representative shall present information to the Tribunal if the detainee so requests. The Personal Representative may, outside the presence of the detainee, comment upon classified information submitted by the Recorder that bears upon the presentation made on the detainee's behalf, if it would aid the Tribunal's deliberations.

(6)  If the detainee elects not to participate in the Tribunal process, the Personal Representative shall assist the detainee by presenting information to the Tribunal in either open or closed sessions and may, in closed sessions, comment upon classified information submitted by the Recorder that bears upon the detainee's presentation, if it would aid the Tribunal's deliberations.

(7)  The Personal Representative shall answer questions, if any, asked by the Tribunal.

(8)  The Personal Representative shall be provided the opportunity to review the record prior to the Recorder forwarding it to the President of the Tribunal. The Personal Representative may submit, as appropriate, observations or information that he/she believes was presented to the Tribunal and is not included or accurately reflected on the record.

## D. Personal Representative Guidelines for Assisting the Enemy Combatant

In discussing the CSRT process with the detainee and completing the Detainee Election Form, the Personal Representative shall use the guidelines provided below to assist the detainee in preparing for the CSRT:

You have already been advised that a Combatant Status Review Tribunal has been established by the United States government to review your classification as an enemy combatant.

A Tribunal of military officers shall review your case in "x" number of days [or other time frame as known], and I have been assigned to ensure you understand this process. The Tribunal shall review your case file, offer you an opportunity to speak on your own behalf if you desire, and ask questions. You also can choose not to appear at the Tribunal hearing. In that case I will be at the hearing and will assist you if you want me to do so.

You will be provided with an opportunity to review unclassified information that relates to your classification as an enemy combatant. I will be able to review additional information that is classified. I can discuss the unclassified information with you.

2

Enclosure (3)

You will be allowed to attend all Tribunal proceedings, except for proceedings involving deliberation and voting by the members, and testimony or other matters that would compromise U.S. national security if you attended. You will not be forced to attend, but if you choose not to attend, the Tribunal will be held in your absence and I will attend.

You will have the opportunity to question witnesses testifying at the Tribunal.

You will have the opportunity to present evidence to the Tribunal, including calling witnesses to testify on your behalf if those witnesses are reasonably available. If a witness is not considered by the Tribunal as reasonably available to testify in person, the Tribunal can consider evidence submitted by telephone, written statements, or other means rather than having a witness testify in person. I am available to assist you in gathering and presenting these materials, should you desire to do so. After the hearing, the Tribunal shall determine whether you should continue to be designated as an enemy combatant.

I am neither a lawyer nor your advocate, but have been given the responsibility of assisting your preparation for the hearing. None of the information you provide me shall be held in confidence and I may be obligated to divulge it at the hearing.
I am available to assist you in preparing an oral or written presentation to the Tribunal should you desire to do so. I am also available to speak for you at the hearing if you wish that kind of assistance.

Do you understand the process or have any questions about it?

The Tribunal is examining one issue: whether you are an enemy combatant against the United States or its coalition partners. Any information you can provide to the Tribunal relating to your activities prior to your capture is very important in answering this question. However, you may not be compelled to testify or answer questions at the Tribunal hearing.

Do you want to participate in the Tribunal process and appear before the Tribunal?

Do you wish to present information to the Tribunal or have me present information for you?

Is there anyone here in the camp or elsewhere who can testify on your behalf regarding your capture or status?

Do you want to have anyone else submit any information to the Tribunal regarding your status? [If so,] how do I contact them? If feasible and you can show the Tribunal how the information is relevant to your case, the Tribunal will endeavor to arrange for evidence to be provided by other means such as mail, e-mail, faxed copies, or telephonic or video-telephonic testimony.

Do you have any questions?

3

**Enclosure (3)**

## Combatant Status Review Tribunal Notice to Detainees*

You are being held as an enemy combatant by the United States Armed Forces. An enemy combatant is an individual who was part of or supporting Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. The definition includes any person who has committed a belligerent act or has directly supported such hostilities.

The U.S. Government will give you an opportunity to contest your status as an enemy combatant. Your case will go before a Combatant Status Review Tribunal, composed of military officers. This is not a criminal trial and the Tribunal will not punish you, but will determine whether you are properly held. The Tribunal will provide you with the following process:

1. You will be assigned a military officer to assist you with the presentation of your case to the Tribunal. This officer will be known as your Personal Representative. Your Personal Representative will review information that may be relevant to a determination of your status. Your Personal Representative will be able to discuss that information with you, except for classified information.

2. Before the Tribunal proceeding, you will be given a written statement of the unclassified factual basis for your classification as an enemy combatant.

3. You will be allowed to attend all Tribunal proceedings, except for proceedings involving deliberation and voting by the members, and testimony or other matters that would compromise U.S. national security if you attended. You will not be forced to attend, but if you choose not to attend, the Tribunal will be held in your absence. Your Personal Representative will attend in either case.

4. You will be provided with an interpreter during the Tribunal hearing if necessary.

5. You will be able to present evidence to the Tribunal, including the testimony of witnesses. If those witnesses you propose are not reasonably available, their written testimony may be sought. You may also present written statements and other documents. You may testify before the Tribunal but will not be compelled to testify or answer questions.

As a matter separate from these Tribunals, United States courts have jurisdiction to consider petitions brought by enemy combatants held at this facility that challenge the legality of their detention. You will be notified in the near future what procedures are available should you seek to challenge your detention in U.S. courts. Whether or not you decide to do so, the Combatant Status Review Tribunal will still review your status as an enemy combatant.

If you have any questions about this notice, your Personal Representative will be able to answer them.

**[*Text of Notice translated, and delivered to detainees 12-14 July 2004]**

**Enclosure (4)**

## Sample Detainee Election Form

Date/Time: _____

ISN#: _____

Personal Representative: _____
[Name/Rank]

Translator Required? _____       Language? _____

CSRT Procedures Read to Detainee or Written Copy Read by Detainee?_____

---------------------------------------------------------------------------------

## Detainee Election:

☐ **Wants to Participate in Tribunal**

☐ **Wants Assistance of Personal Representative**

☐ **Affirmatively Declines to Participate in Tribunal**

☐ **Uncooperative or Unresponsive**

## Personal Representative Comments:

_____

_____

_____

_____

_____

_____


_____

**Personal Representative**

**Enclosure (5)**

## <u>Sample Nomination Questionnaire</u>



# Department of Defense
## Director, Combatant Status Review Tribunals

As a candidate to become a Combatant Status Review Tribunal member, Recorder, or Personal Representative, please complete the following questionnaire and provide it to the Director, Combatant Status Review Tribunal (CSRT). Because of the sensitive personal information requested, no copy will be retained on file outside of the CSRT.

1. Name (Last, First MI)_____    2. Rank/Grade_____

3. Date of Rank_____ 4. Service _____ 5. Active Duty Service Date _____

6. Desig/MOS _____    7. Date Current Tour Began: _____

8. Security Clearance Level _____ 9. Date of clearance: _____

10. Military Awards / Decorations:_____
_____

11. Current Duty Position_____ 12. Unit: _____

13. Date of Birth _____ 14. Gender _____ 15. Race or Ethnic Origin _____

16. Civilian Education. College/Vocational/Civilian Professional School: _____

17. Date graduated or dates attended (and number of years), school, location, degree/major:_____
_____
_____

18. Military Education. Dates attended, school/course title._____
_____
_____

19. Duty Assignments. Last four assignments, units, and dates of assignments. _____
_____
_____

20. Have you had any relative or friend killed or wounded in Afghanistan or Iraq? _____ Explain.
_____
_____
_____

**Enclosure (6)**

21. Have you had any close relative or friend killed, wounded, or impacted by the events of September 11, 2001? _____ Explain. _____

_____

_____

_____

22. Have you ever been in an assignment related to enemy prisoners of war or enemy combatants, to include the apprehension, detention, interrogation, or previous determination of status of a detainee at Guantanamo Bay? _____ Explain. _____

_____

_____

_____

23. Do you believe you may be disqualified to serve as a Tribunal member, Recorder, or Personal Representative for any reason? Explain. _____

_____

_____

_____

24. Your name or image as well as information related to the enemy combatant may be released to the public in conjunction with the Combatant Status Review Tribunal process. Could this potential public affairs release affect your ability to objectively serve in any capacity in the Tribunal process? Y/N_____ Explain. _____

_____

_____

_____

SIGNATURE OF OFFICER: _____ DATE: _____

Approved_____ Disapproved_____ Director, CSRT

Enclosure (6)

## Sample Appointment Letter for Combatant Status Review Tribunal Panel



Department of Defense
Director, Combatant Status Review Tribunals

Ser

From:  Director, Combatant Status Review Tribunals

Subj:  APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL

Ref:    (a) Convening Authority Appointment Letter of 7 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by DCN XXX "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" is hereby convened.  It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

XXX, 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; President*

YYY, 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; Member*

ZZZ, 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; Member*

J.M. MCGARRAH
RADM, CEC, USNR

[* The Order should note which member is the Judge Advocate required to be on the Tribunal.]

Enclosure (7)

## Combatant Status Review Tribunal Hearing Guide

**RECORDER:**     All rise. (The Tribunal enters)

[In Tribunal sessions where the detainee has waived participation, the Tribunal can generally omit the *italicized* portions.]

**PRESIDENT:**     This hearing shall come to order.

**RECORDER:**     This Tribunal is being conducted at [Time/Date] on board Naval Base Guantanamo Bay, Cuba. The following personnel are present:

_____, President

_____, Member

_____, Member

_____, Personal Representative

_____, Interpreter,

_____, Reporter/Paralegal, and

_____, Recorder

[Rank/Name] is the Judge Advocate member of the Tribunal.

**PRESIDENT:**     The Recorder will be sworn. Do you, (name and rank of the Recorder) swear (or affirm) that you will faithfully perform the duties assigned in this Tribunal (so help you God)?

**RECORDER:**     I do.

**PRESIDENT:**     The reporter/paralegal will now be sworn.

**RECORDER:**     Do you (name and rank of reporter/paralegal) swear or affirm that you will faithfully discharge your duties as assigned in this tribunal?

**REPORTER/PARALEGAL:**   I do.

**PRESIDENT:**     *The interpreter will be sworn. [If needed for witness testimony when detainee not present]*

**RECORDER:**     *Do you swear (or affirm) that you will faithfully perform the duties of interpreter in the case now hearing (so help you God)?*

**INTERPRETER:**   *I do.*

**Enclosure (8)**

PRESIDENT:     *We will take a brief recess while the detainee is brought into the room.*

RECORDER:     *All Rise.*

[Tribunal members depart, followed by the Recorder, Personal Representative, Interpreter, and Court Reporter. The detainee is brought into the room. All participants except the Tribunal members return to the Tribunal room.]

RECORDER:     *All Rise. [The Tribunal members enter the room.]*

INTERPRETER:     *(TRANSLATION OF ABOVE).*

PRESIDENT:     This hearing will come to order. You may be seated.

INTERPRETER:     *(TRANSLATION OF ABOVE).*

PRESIDENT:     *(NAME OF DETAINEE)*, this Tribunal is convened by order of the Director, Combatant Status Review Tribunals under the provisions of his Order of XX July 2004. It will determine whether *you [or Name of Detainee]* meet the criteria to be designated as an enemy combatant against the United States or its allies or otherwise meet the criteria to be designated as an enemy combatant.

INTERPRETER:     *(TRANSLATION OF ABOVE).*

PRESIDENT:     This Tribunal shall now be sworn. All rise.

INTERPRETER:     *(TRANSLATION OF ABOVE).*

[All persons in the room stand while Recorder administers the oath. Each voting member raises his or her right hand as the Recorder administers the following oath:]

RECORDER:     Do you swear (affirm) that you will faithfully perform your duties as a member of this Tribunal; that you will impartially examine and inquire into the matter now before you according to your conscience, and the laws and regulations provided; that you will make such findings of fact and conclusions as are supported by the evidence presented; that in determining those facts, you will use your professional knowledge, best judgment, and common sense; and that you will make such findings as are appropriate according to the best of your understanding of the rules, regulations, and laws governing this proceeding, and guided by your concept of justice (so help you God)?

MEMBERS OF TRIBUNAL:  I do.

INTERPRETER:     *(TRANSLATION OF ABOVE).*

PRESIDENT:     The Recorder will now administer the oath to the Personal

**Enclosure (8)**

Representative.

*INTERPRETER:*     *(TRANSLATION OF ABOVE).*

[The Tribunal members lower their hands but remain standing while the following oath is administered to the Personal Representative:]

RECORDER:     Do you swear (or affirm) that you will faithfully perform the duties of Personal Representative in this Tribunal (so help you God)?

PERSONAL
REPRESENTATIVE: I do.

*INTERPRETER:*     *(TRANSLATION OF ABOVE).*

PRESIDENT:     Please be seated. The Reporter, Recorder, and Interpreter have previously been sworn. This Tribunal hearing shall come to order.

[All personnel resume their seats.]

INTERPRETER:     (TRANSLATION OF ABOVE).

*PRESIDENT:*     *(NAME OF DETAINEE), you are hereby advised that the following applies during this hearing:*

*INTERPRETER:*     *(TRANSLATION OF ABOVE).*

PRESIDENT:     You may be present at all open sessions of the Tribunal. However, if you become disorderly, you will be removed from the hearing, and the Tribunal will continue to hear evidence.

*INTERPRETER:*     *(TRANSLATION OF ABOVE).*

PRESIDENT:     You may not be compelled to testify at this Tribunal. However, you may testify if you wish to do so. Your testimony can be under oath or unsworn.

*INTERPRETER:*     *(TRANSLATION OF ABOVE).*

PRESIDENT:     You may have the assistance of a Personal Representative at the hearing. Your assigned Personal Representative is present.

*INTERPRETER:*     *(TRANSLATION OF ABOVE).*

PRESIDENT:     You may present evidence to this Tribunal, including the testimony of witnesses who are reasonably available. You may question witnesses testifying at the Tribunal.

3

**Enclosure (8)**

INTERPRETER:     *(TRANSLATION OF ABOVE).*
PRESIDENT:       *You may examine documents or statements offered into evidence other than classified information. However, certain documents may be partially masked for security reasons.*

INTERPRETER:     *(TRANSLATION OF ABOVE).*

PRESIDENT:       *Do you understand this process?*

INTERPRETER:     *(TRANSLATION OF ABOVE)*

PRESIDENT:       *Do you have any questions concerning the Tribunal process?*

INTERPRETER:     *(TRANSLATION OF ABOVE)*

[In Tribunal sessions where the detainee has waived participation substitute:

PRESIDENT:       [Rank/Name of Personal Representative] you have advised the Tribunal that [Name of Detainee] has elected to not participate in this Tribunal proceeding. Is that still the situation?

**PERSONAL
REPRESENTATIVE:** Yes/No. [Explain].

PRESIDENT:       Please provide the Tribunal with the Detainee Election Form marked as Exhibit D-a.]

[Presentation of Unclassified Information by Recorder and Detainee or his Personal Representative. Recorder evidence shall be marked in sequence R-1, R-2, etc. while evidence presented for the detainee shall be marked in sequence D-a, D-b, etc.]

[The Interpreter shall translate as necessary during this portion of the Tribunal.]

PRESIDENT:       Recorder, please provide the Tribunal with the unclassified evidence.

RECORDER:      I am handing the Tribunal what has previously been marked as Exhibit R-1, the unclassified summary of the evidence that relates to this detainee's status as an enemy combatant. A translated copy of this exhibit was provided to the Personal Representative in advance of this hearing for presentation to the detainee. In addition, I am handing to the Tribunal the following unclassified exhibits, marked as Exhibit R-2 through R-x. Copies of these Exhibits have previously been provided to the Personal Representative.

PRESIDENT:       Does the Recorder have any witnesses to present?

RECORDER:      Yes/no.

**Enclosure (8)**

If witnesses appear before the Tribunal, the Recorder shall administer an appropriate oath:

<u>Form of Oath for a Muslim</u>

Do you [Name], in the Name of Allah, the Most Compassionate, the Most Merciful, swear that your testimony before this Tribunal will be the truth?

<u>Form of Oath or Affirmation for Others</u>

Do you (swear) (affirm) that the statements you are about to make shall be the truth, the whole truth, and nothing but the truth (so help you God)?

INTERPRETER:    (TRANSLATION AS NECESSARY)

[Witnesses may be questioned by the Tribunal members, the Recorder, the Personal Representative, or the detainee.]

RECORDER:    Mr./Madam President, I have no further unclassified information for the Tribunal but request a closed Tribunal session at an appropriate time to present classified information relevant to this detainee's status as an enemy combatant.

PRESIDENT:    *[Name of detainee]* (or Personal Representative), *do you* (or does the detainee) want to present information to this Tribunal?

[If detainee not present, Personal Representative may present information to the Tribunal.]

*INTERPRETER:    (TRANSLATION OF ABOVE).*

*[If the detainee elects to make an oral statement:]*

*PRESIDENT:    [Name of detainee] would you like to make your statement under oath?*

*INTERPRETER:    (TRANSLATION OF ABOVE).*

*[After statement is completed:]*

*PRESIDENT:    [Name of detainee] does that conclude your statement?*

*INTERPRETER:    (TRANSLATION OF ABOVE).*

*PRESIDENT:    [Determines whether Tribunal members, Recorder, or Personal Representative have any questions for detainee.]*

PRESIDENT:        *[Name of detainee] do you have any other evidence to present to this Tribunal?*

INTERPRETER:    *(TRANSLATION OF ABOVE).*

PRESIDENT:        All unclassified evidence having been provided to the Tribunal, this concludes this Tribunal session.

INTERPRETER:    *(TRANSLATION OF ABOVE).*

PRESIDENT:        *(Name of detainee), you shall be notified of the Tribunal decision upon completion of the review of these proceedings by the convening authority in Washington, D.C.*

INTERPRETER:    *(TRANSLATION OF ABOVE).*

PRESIDENT:        *If the Tribunal determines that you should not be classified as an enemy combatant, you will be released to your home country as soon as arrangements can be made.*

INTERPRETER:    *(TRANSLATION OF ABOVE).*

PRESIDENT:        *If the Tribunal confirms your classification as an enemy combatant you shall be eligible for an Administrative Review Board hearing at a future date.*

INTERPRETER:    *(TRANSLATION OF ABOVE).*

PRESIDENT:        *That Board will make an assessment of whether there is continued reason to believe that you pose a threat to the United States or its allies in the ongoing armed conflict against terrorist organizations such as al Qaida and its affiliates and supporters or whether there are other factors bearing upon the need for continued detention.*

INTERPRETER:    *(TRANSLATION OF ABOVE).*

PRESIDENT:        *You will have the opportunity to be heard and to present information to the Administrative Review Board. You can present information from your family that might help you at the Board. You are encouraged to contact your family as soon as possible to begin to gather information that may help you.*

INTERPRETER:    *(TRANSLATION OF ABOVE).*

PRESIDENT:        *A military officer will be assigned at a later date to assist you in the Administrative Review Board process.*

INTERPRETER:    *(TRANSLATION OF ABOVE)*

PRESIDENT:        This Tribunal hearing is adjourned.

6

**Enclosure (8)**

RECORDER:        All Rise. [If moving into Tribunal session in which classified material will be discussed add:] This Tribunal is commencing a closed session. Will everyone but the Tribunal members, Personal Representative, and Reporter/Paralegal please leave the Tribunal room.

PRESIDENT:       [When Tribunal room is ready for closed session.] You may be seated. The Tribunal for [Name of detainee] is now reconvened without the detainee being present to prevent a potential compromise of national security due to the classified nature of the evidence to be considered. The Recorder will note the date and time of this session for the record.

[Closed Tribunal Session Commences, as necessary, with only properly cleared personnel present. Presentation of classified information by Recorder and, when appropriate, Personal Representative. Recorder evidence shall be marked in sequence R-1, R-2, etc. while evidence presented for the detainee shall be marked in sequence D-a, D-b, etc. All evidence will be properly marked with the security classification.]

PRESIDENT:       This Tribunal session is adjourned and the Tribunal is closed for deliberation and voting.

RECORDER: Notes time and date when Tribunal closed.

**Enclosure (8)**

# [CLASSIFICATION]
## Combatant Status Review Tribunal Decision Report Cover Sheet

[CLASSIFICATION]: UNCLASSIFIED Upon Removal of Enclosure(s) (2) [and (3)]


TRIBUNAL PANEL: _____

ISN #: _____                    DATE: _____

Ref:    (a) Convening Order of XX YYY 2004
        (b) CSRT Implementation Directive of XX July 2004
        (c) DEPSECDEF Memo of 7 July 2004


Encl:   (1) Unclassified Summary of Basis for Tribunal Decision (U)
        (2) Classified Summary of Basis for Tribunal Decision (U)
        (3) Copies of Documentary Evidence Presented (U)

This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

The Tribunal has determined that he (is) (is not) designated as an enemy combatant as defined in reference (c).

[If yes] In particular the Tribunal finds that this detainee is a member of, or affiliated with, _____ (al Qaida, Taliban, other), as more fully discussed below and in the enclosures.

 Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision, as summarized below. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosure (2).

_____
_____
_____
_____
_____
_____
_____
_____

_____
(Rank, Name) President


**Enclosure (9)**