PREVIOUSLY FILED WITH THE CSO
AND CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALIM SAID, et al., | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) No. 1:05 CV 2384 (RWR) |
| | ) |
| GEORGE W. BUSH, et al., | ) |
| | ) |
| Respondents. | ) |

**REPLY MEMORANDUM IN SUPPORT OF PETITIONER AL QAHTANI'S
MOTION TO PRESERVE REMAINING EXCULPATORY EVIDENCE**

Petitioner Saad Al Qahtani ("Saad"), by his counsel, submits this Reply Memorandum in support of his Motion to Preserve Remaining Exculpatory Evidence ("Motion"). The Government's Opposition simply ignores the factual and legal basis for the Motion. Instead, the Government urges the Court to do nothing because the Government has belatedly launched an internal criminal investigation (Opp. at 1-4), the results of which may never come to light. The Government also argues that the Court should overlook the Government's destruction of relevant evidence because, according to the Government, this Court "lacks jurisdiction over the underlying petition for habeas corpus" (Opp. at 5-6) – a contention that the Supreme Court is now reviewing. These arguments have no merit, and Petitioner's Motion should be granted.

A. **The Government's Opposition Fails to Respond to the Central Allegations of Saad's Motion and Memorandum.**

The most significant feature of the Government's Opposition is what it lacks. First, nowhere in its Opposition does the Government deny that it deliberately destroyed evidence relevant to Saad's case.[1] This omission alone justifies the limited relief Saad seeks.

---

[1] The Government reversed its earlier designation of Exhibit A as unclassified, and the Government required Petitioner's counsel to file a redacted version of the Motion and supporting

Second, the Government neither acknowledges nor disputes that it had an obligation to preserve relevant evidence in November 2005, when the CIA destroyed the videotapes. (*See* Opp. at 1 ("the *theory* that the destruction *might* implicate general evidence preservation obligations arising in this case") (emphasis added).) Without a doubt, the Government was obliged to preserve the destroyed videotapes because it knew or should have known that the evidence was relevant to future litigation. *See Mazloum v. D.C. Metro. Police Dep't*, 2008 U.S. Dist. LEXIS 2957, at *24-26 (D.D.C. Jan. 16, 2008) (holding that nightclub's duty to preserve surveillance videotape arose on the night it was made, because the club "should have reasonably foreseen the possibility of litigation" against the club or the police).

Third, the Government fails to explain why it assured this Court in 2006 that it would never destroy evidence of torture, when the Government had already done so the year before. These two omissions – the failure to acknowledge the basic duty to preserve evidence or to explain the Government's prior lack of candor – undermine the Government's insistence (Opp. at 3-5) that the Court and Petitioner should simply trust the Government now to comply with its obligation to preserve evidence. At a minimum, the Government should account for the remaining evidence so that it too is not secretly destroyed. Given the Government's past conduct, "Trust but verify" is far more prudent than the blind trust advocated by the Government.

**B.    Holding the Government Accountable For Destroying Evidence in This Case Will Not Interfere With the DOJ's Criminal Investigation.**

The Government urges the Court to refrain from exercising its authority to ensure the preservation of the remaining evidence because of the ongoing DOJ investigation into the destruction of CIA videotapes. The Government's Opposition exaggerates both the scope of the

---

Memorandum. Nevertheless, the Government does not dispute the truth of material it redacted from public view.

DOJ's criminal investigation and the intrusiveness of the remedy that Petitioner seeks. The DOJ is investigating whether destruction of the videotapes violated a criminal statute. *See, e.g.*, 18 U.S.C. § 1505 (obstruction of justice). There is no evidence that DOJ is investigating whether the Government destroyed evidence relevant to this case, or that the criminal investigation is designed to protect the interests of the specific parties or the integrity of the proceedings before this Court. In any event, the DOJ investigation does not override the Court's independent duty to determine whether any potentially relevant evidence has been destroyed, to remedy that destruction, and to prevent further destruction in the future.[2]

Similarly, the Government contends that the relief Saad seeks would disrupt and impede the DOJ criminal investigation and could impair "national security." (Opp. at 2 n.1, 3-4.) According to the Government, "requiring individuals potentially involved in the destruction of the tapes to provide information to this Court" could interfere with the criminal investigation. (*Id.* at 3-4.) But unlike the petitioners in *Abdah v. Bush*, No. 04 CV 1254 (HHK) (Jan. 9, 2008), cited by the Government (Opp. at 4), Petitioner has not called for testimony, in court or otherwise, by any Government agent or employee. Petitioner simply seeks information about the evidence that remains so that it may be preserved. Nothing in Saad's prayer for relief will interfere in any way with the criminal investigation.

In a similar case, *Abdullah v. Bush*, No. 05 CV 23 (RWR), Dkt. 83 (Jan. 24, 2008) (attached as Ex. N), this Court recently rejected the Government's "interference" argument and granted the relief sought here. In *Abdullah*, the Court relied on the petitioner's "colorable

---

[2] The Government also claims that a further preservation order is unnecessary because of CIA Director Michael V. Hayden's December 20, 2007 order to preserve all detainee evidence. (Opp. at 3 n.3.) The order was issued two years after the CIA deliberately destroyed the videotapes and, according to Hayden's description, the order neither says nor does anything to remedy any prior destruction of relevant evidence. The CIA order appears to be too little, too late.

showing that information obtained from Abu Zubaydah during 2002 likely included information regarding petitioner, and was therefore subject to the preservation order." *Id.* at 1. Here there is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Mem. at 1 and Ex. A. The Court should grant this Motion as well.

The Government's "interference" argument is particularly inadequate here because, before filing this Motion, Saad's counsel attempted to resolve the dispute informally. (Attached as Ex. O, counsel's letter to Government counsel dated December 19, 2007.) Petitioner's counsel requested certain information and asked the Government's counsel two questions:

- Does the Department of Justice ("DOJ") criminal investigation encompass the breach of duty to preserve evidence in this case?

- Will the DOJ share the results of the investigation with the Court and Saad's counsel?

(Ex. M.)[3] The Government's counsel answered "I do not know" to the first question, and gave no answer to the second. (*Id.*) Now, in its Opposition, the Government's counsel hints (without promising) that the DOJ's criminal investigation will include the Government's breach of duty to preserve evidence "otherwise arising in cases such as this." (Opp. at 3.) The only evidentiary support for this suggestion is a press report stating that DOJ has launched "a criminal investigation of a potential felony or misdemeanor violation." (Opp., Ex. C.) The Government has offered no evidence that Acting U.S. Attorney John Durham, the leader of the criminal investigation, is even aware of this case or the relevance of the destroyed videotapes to it. And the Opposition is conspicuously silent about whether the Government will share the investigation results with the Court or Saad's counsel. Having rebuffed counsel's attempt to resolve this issue amicably, the Government itself has forced Saad to seek action from the Court.

---

[3] Unless otherwise noted, "Ex. __" refers to sequentially lettered exhibits attached to Petitioner's Memorandum in support of the Motion or attached to this Reply Memorandum.

C.  **This Court Has Both Jurisdiction and Authority to Order the Government to Preserve the Remaining Evidence and Disclose the Information Requested in Saad's Motion.**

The Government contends that this Court lacks jurisdiction to order relief under *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (June 29, 2007). This Court has rejected similar arguments in the past, and should do so again. *See* Mem. Order, *Abdullah*, No. 05 CV 23 (RWR). In July 2006, the Government argued that the Court should not enter a preservation order in this case because the Detainee Treatment Act had deprived this Court of jurisdiction. (Dkt. 37 at 1-4.) The Court correctly rejected that argument, observing that "[t]wice the Supreme Court has made clear that petitioners such as the ones here may bring and pursue a habeas corpus action in this court." (Dkt. 41 at 4.)

More recently, the District Court has explained that the Supreme Court's highly unusual grant of certiorari on petition for rehearing in *Boumediene* and the D.C. Circuit Court of Appeals' subsequent withdrawal of the mandate "cast a deep shadow of uncertainty over [*Boumediene*'s] jurisdictional ruling." *Alhami v. Bush*, No. 05 CV 359 (GK), Dkt. 58 at 6 (D.D.C. Oct. 2, 2007) (attached as Ex. P). The Court of Appeals itself has refused to dismiss *habeas* petitions, instead remanding them to the district court for ruling. *See, e.g., Sadkhan v. Bush*, Order, No. 07-5237 (D.C. Cir. Dec. 27, 2007) (attached as Ex. Q) (dismissing the Government's motion for summary affirmance of the district court's dismissal and remanding for consideration of petitioner's Rule 60(b) motion to reconsider by the district court).

Several district court judges have also refused to dismiss the habeas petitions before them based on *Boumediene*, instead choosing to stay the proceedings – and protect their jurisdiction – until *Boumediene* is decided by the Supreme Court. *See, e.g., Ruzatullah v. Gates*, Order, No. 06 CV 1707 (HHK), Dkt. 31 (D.D.C. Sept. 13, 2007) (attached as Ex. R) (refusing to dismiss the case "until the Supreme Court has ruled definitively on the issue of this District Court's

jurisdiction"); *Al-Oshan v. Bush*, Memorandum Order, No. 05 CV 0520 (RMU), Dkt. 111 at 6 (D.D.C. Oct. 5, 2007) (attached as Ex. S) (vacating its previous dismissal and staying the proceedings to "harmonize[] jurisdictional questions between this court and the D.C. Circuit"). Given this procedural posture and the risk of further spoliation of evidence, the Court should "protect its jurisdiction" and take steps to ensure evidence is preserved. *See Alhami*, No. 05 CV 359, Dkt. 58 at 6.

The Government also questions this Court's authority to remedy the Government's spoliation of evidence. In this the Government is mistaken. The Court has the authority under the All Writs Act to "issue all writs necessary or appropriate in aid of [its] jurisdiction." 28 U.S.C. § 1651; *see also United States v. United Mine Workers*, 330 U.S. 258, 290 (1947). That authority includes the power to order discovery in appropriate habeas cases, *Harris v. Nelson*, 394 U.S. 286, 300 (1969), and district courts certainly have the power to investigate and remedy the government's destruction of evidence tending to show that the prisoner is confined illegally. Under the All Writs Act, and as evidenced by this Court's recent order in *Abdullah*, it is clear that this Court has authority to grant the limited relief requested in this case.

This Court also has the inherent authority to prevent, sanction, and remedy the destruction of potentially relevant and discoverable evidence. *See, e.g., Chambers v. NASCO*, 501 U.S. 32, 43-45 (1991); *Telecom Int'l. Am., Ltd. v. AT&T Corp.*, 189 F.R.D. 76, 81 (S.D.N.Y. 1999). This authority is part of the Court's inherent power to supervise the litigation before it. *See, e.g., Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992); *Telecom Int'l.*, 189 F.R.D. at 81 (citing *Chambers*, 501 U.S. at 43-45). A court's authority in crafting sanctions for spoliation of evidence is broad. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). Possible remedial measures include

reconstruction of the destroyed evidence, discovery from litigants or third parties into the destruction, or adverse inference instructions. *Jefferson v. Reno*, 123 F. Supp. 2d 1, 2 (D.D.C. 2000); *Judicial Watch, Inc. v. U.S Dep't of Commerce*, 34 F. Supp. 2d 28, 46 (D.D.C. 1998); *Mazloum*, 2008 U.S. Dist. LEXIS 2957, at *22-23 (D.D.C. Jan. 16, 2008). The remedy Petitioner seeks is a modest one, and should be granted.

### Conclusion

For all of the foregoing reasons, Petitioner respectfully requests that this Court grant his Motion and order Respondents and their counsel (a) to preserve all remaining evidence that is potentially relevant to Saad's challenge to the legality of his detention, including evidence that ▮▮▮▮ and (b) to disclose to the Court and Petitioner's counsel information regarding the preservation, loss, or destruction of potentially relevant evidence, subject to any security measures the Court deems appropriate.

Dated: January 29, 2008

Respectfully submitted,

*Patricia A. Bronte*

One of the Attorneys for the Petitioner
Saad Al Qahtani

David W. DeBruin (DDC Bar No. 337626)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005-3823
Tel: (202) 639-6000
Fax: (202) 639-6066

*Of Counsel*
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

Patricia A. Bronte
Sapna G. Lalmalani
JENNER & BLOCK LLP
330 North Wabash Ave.
Chicago, IL 60611
Tel: (312) 923-8357
Fax: (312) 840-7757

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2008, I filed and served the foregoing Reply Memorandum in Support of Petitioner Al Qahtani's Motion To Preserve Remaining Exculpatory Evidence by causing the original and five copies to be delivered to the Court Security Officer, with the original to be forwarded to the Court and one copy to be forwarded to the following counsel of record via U.S. Mail:

>   Judry Laeb Subar
>   United States Department of Justice
>   Civil Division, Federal Programs Branch
>   20 Massachusetts Avenue NW
>   Washington, D.C. 20530
>
>   Terry Marcus Henry
>   United States Department of Justice
>   Civil Division, Federal Programs Branch
>   20 Massachusetts Avenue NW
>   Washington, D.C. 20530

_____
Patricia A. Bronte

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2008, I caused the foregoing (redacted) Reply Memorandum in Support of Petitioner Al Qahtani's Motion to Preserve Remaining Exculpatory Evidence, which was previously filed with the CSO and cleared for public filing, to be delivered to the below-listed counsel of record in the above-captioned matter through the CM/ECF system:

>Andrew I. Warden
>Judry L. Subar
>Terry M. Henry
>United States Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Avenue NW
>Washington, DC 20530

>__/s/ David DeBruin_____
>David DeBruin