# EXHIBIT N

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                      |     |                                    |
| ------------------------------------ | --- | ---------------------------------- |
| HANI SALEH RASHID ABDULLAH et al.,   | )   |                                    |
|                                      | )   |                                    |
|     Petitioners, | )   |                                    |
|                                      | )   |                                    |
|     v.           | )   | Civil Action No. 05-23 (RWR)       |
|                                      | )   |                                    |
| GEORGE W. BUSH et al.,               | )   |                                    |
|                                      | )   |                                    |
|     Respondents. | )   |                                    |

## MEMORANDUM ORDER

Petitioner Hani Saleh Rashid Abdullah, a foreign national detained at Guantanamo Bay in the custody of the United States, has filed a motion to compel respondents to report on their compliance with a preservation order that required respondents to "preserve and maintain all evidence, documents and information, without limitation, now or ever in respondents' possession, custody or control, regarding the individual detained petitioner[] in th[is] case[]." Mem. Order, July 18, 2005. Respondents have acknowledged that after the preservation order was entered, they destroyed video-records of interrogations of another detainee, Abu Zubaydah, dating from the year 2002. See Abdah v. Bush, Civil Action No. 04-1254 (HHK), Hr'g Tr. at 22:7-9, Dec. 21, 2007. In his motion papers, petitioner has made a colorable showing that information obtained from Abu Zubaydah during 2002 likely included information regarding petitioner, and was therefore subject to the preservation order. (See Pet'r's

-2-

Reply ¶ 1.)  He also notes his own handling in detention and
raises the valid questions of whether it, too, may have been
videotaped and whether any such tapes have been destroyed.  (See
Pet'r's Mot. ¶¶ 3,4.)

    Respondents oppose petitioner's motion by arguing that
prudence cautions against granting the motion.  They do not
challenge the court's authority to enforce its own orders.  See
also id. at 24:4-6 ("We are not arguing that the court lacks
jurisdiction to inquire into compliance with the court's own
order entered by the court in this case.")  They also do not
dispute or otherwise respond directly to petitioner's allegations
that they knowingly destroyed evidence pertaining to this
petitioner that was subject to the July 18, 2005 preservation
order entered in this case.  Accordingly, it is hereby

    ORDERED that petitioner's motion for relief be, and hereby
is, GRANTED in part and DENIED in part.  It is denied to the
extent that it seeks in-court questioning of respondents'
witness.  It is granted to the extent that it seeks a substantive
report from respondents.  Respondents are ordered to file by
February 14, 2008, a report detailing what they have done since
the preservation order was entered in July 2005, and what they
are now doing, to ensure compliance with the July 18, 2005
preservation order, and the nature of any evidence potentially

-3-

subject to the protective order that has been destroyed or otherwise spoliated.

SIGNED this 24th day of January, 2008.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

# EXHIBIT O

Copy of Letter
Given to CSO for
Delivery to Addressees
on 12/19/07.
MRA

December 19, 2007

~~CONTAINS CLASSIFIED INFORMATION~~
*HAND-DELIVERED AT SECURE FACILITY*

Terry M. Henry
Andrew I. Warden
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 7310
Washington, D.C. 20530

Patricia A. Bronte
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois
P: (312) 923-8357
F: (312) 840-7757
E: pbronte@jenner.com

Re:    *Said, et al., v. Bush, et al.* No. 05-CV-2384 (RWR)
       **Said Al Qahtani, ISN 200**

Dear Terry and Andrew:

I write this letter on behalf of my client, Saad Al Qahtani (ISN 200), who has been imprisoned at Guantanamo since January 16, 2002. On October 23, 2004, shortly after the Supreme Court confirmed in *Rasul v. Bush*, 542 U.S. 466 (June 28, 2004) that the prisoners at Guantanamo were entitled to challenge the legality of their detention, a Combatant Status Review Tribunal concluded that Mr. Al Qahtani was an "enemy combatant." In reaching this conclusion, the CSRT relied heavily ███████████████████

The CIA has long been rumored to have used waterboarding and other brutal methods in interrogating Abu Zubaydah (a man of questionable mental stability even before he was interrogated), and those brutal methods reportedly yielded abundant false intelligence. *See* Ron Suskind, *The One Percent Doctrine: Deep Inside America's Pursuit of its Enemies Since 9/11* at 99-100, 111, 115 (New York, 2006). In a speech to the nation on September 6, 2006, President Bush admitted that Abu Zubaydah had been subjected to "enhanced interrogation techniques." Until recently, however, few knew that the CIA had maintained a video record of some of these interrogations.

On and after December 6, 2007, CIA Director General Michael V. Hayden publicly acknowledged that:

- The CIA videotaped hundreds of hours of interrogations of Abu Zubaydah and another ghost prisoner in 2002;

- After consulting with White House and Department of Justice lawyers, the CIA destroyed those videotapes in November 2005 – just as Congress was debating the Detainee Treatment Act; and

- The CIA still maintains extensive documentation of the videotaped interrogations that is "full and exacting."

Because the destroyed evidence is plainly relevant to Mr. Al Qahtani's designation as an "enemy combatant" and his challenge to the legality of his detention, I am concerned about the evidence that has already been lost and about the measures in place to ensure that additional relevant evidence will be preserved. If possible, I would like to resolve these concerns without necessity of court intervention. To that end, I respectfully request that you provide me with the following information no later than the close of business on Thursday, December 27, 2007:

1.   Did Abu Zubaydah make statements against or pertaining to Mr. Al Qahtani during interrogations that the CIA videotaped in 2002 (the "Videotaped Interrogations")?

2.   What records (including interrogation logs, photographs, reports, summaries, etc.) exist relating to the Videotaped Interrogations? For each record, please indicate its form, the date of the Videotaped Interrogation, the date the record was made, the extent to which the record reflects the interrogators' methods and the current location and custodian of the record.

3.   When did Abu Zubaydah make statements against or pertaining to Mr. Al Qahtani?

4.   What records (including videotapes, interrogation logs, photographs, audio tapes, reports, summaries, etc.) exist relating to interrogations referenced in your answer to question 3 above? For each record, please supply the information requested in question 2.

5.   Describe in detail each of the procedures that the Respondents have implemented to ensure the preservation of existing evidence relevant to Mr. Al Qahtani's designation as an "enemy combatant" and his challenge to the legality of his detention.

In the event that your response to these questions involves disclosure of classified information, please deliver the response to the Secure Facility and notify me contemporaneously that you have done so. Please let me know if you would like to discuss these matters.

Very truly yours,

Patricia A. Bronte

# EXHIBIT P

[ ] II ■ ■

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAFIQ BIN BASHIR BIN JALLUL      :
ALHAMI <u>et al.</u>,            :
                                 :
        Petitioners,             :
                                 :
        v.                       :      Civil Action No. 05-359 (GK)
                                 :              (UNDER SEAL)
GEORGE W. BUSH, <u>et al.</u>,   :
                                 :      **FILED**
        Respondents.             :
                                 :      OCT - 2 2007

<u>MEMORANDUM ORDER</u>                NANCY MAYER WHITTINGTON, CLERK
                                        U.S. DISTRICT COURT

    This matter is before the Court on Petitioner Mohammed
Rahman's Motion for Preliminary Injunction Pursuant to FRCP 56(a).[1]
Upon consideration of the Motion, Opposition, Respondents'
Supplemental Statement, Petitioner's Brief on Jurisdiction,
Respondents' Opposition, Petitioner's Reply, and the entire record
herein, and for the reasons stated below, Petitioner's Motion for
Preliminary Injunction is **granted**.

    Petitioner Rahman ("Rahman") is a Tunisian citizen allegedly
captured by Pakistani bounty hunters and transferred to the custody
of the United States on an undisclosed date. He has been detained
in Guantanamo Bay since shortly after his capture. Rahman
maintains that Combatant Status Review Tribunal ("CSRT")
proceedings have never resulted in any finding that he is an

---

[1] Petitioner's Motion also requested a temporary restraining
order. The Court previously granted that portion of the Motion.

"unlawful" enemy combatant.[2]    On May 15, 2007, the Government provided notice to Petitioners and the Court of its intention to transfer Rahman out of Guantanamo Bay and release him to the Government of Tunisia.

A 20-year prison sentence awaits Rahman in Tunisia.    The Tunisian Government promulgated the Tunisian Patriot Act in 2003,[3] nearly two years after Rahman was captured and detained by the United States.    Rahman was prosecuted, in absentia, in Tunisia in 2005 for violations of the newly-enacted Tunisian Patriot Act, and was convicted and sentenced to 20 years' imprisonment.    Rahman's ex poste facto prosecution and conviction, he contends, offend the norms of the United States Constitution as well as international law.    He further maintains that the Tunisian Government passed the Tunisian Patriot Act at the behest of the United States Government, and that his prosecution pursuant to that Act was based solely on the very evidence which led to his detention in Guantanamo, but was deemed insufficient to hold him as an unlawful enemy combatant. The fact that he has been cleared by the United States Government

---

[2] The Government points out that a CSRT proceeding resulted in a finding that Rahman was an enemy combatant, although it does not expressly dispute Rahman's statement that the CSRT never found him to be an "unlawful" enemy combatant.

[3] The Tunisian Patriot Act is alleged to be similar to the USA Patriot Act of 2001. See Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 ("USA PATRIOT Act"), Pub. L. No. 107-56, 115 Stat. 272 (codified as amended in scattered sections of 18 U.S.C.).

raises serious doubts about his Tunisian conviction.  Moreover, he
contends that the United States Government knew of his prosecution
in Tunisia and did nothing to inform him, thereby ensuring that he
would be deprived of any opportunity to defend himself.

Rahman suffers from serious health problems.  His aortic heart
valve was replaced when he lived in Italy, and he has an
intracardiac pacemaker and a stent.  He experiences frequent chest
pains and intense heart palpitations.  His kidney problems, urinary
problem, and joint problems cause him severe pain.  Rahman also
suffers from chorea, rheumatic fever, uncompensated congestive
heart failure, hypertension, anxiety, depression and fatigue.  In
light of those health problems, Rahman argues that transfer to
Tunisia, which will result in his imprisonment, amounts to a death
sentence because he will not receive adequate treatment.  Tunisian
prisons have been cited by the United Nations High Commission on
Human Rights as having "inhuman living conditions."

Rahman has presented evidence that he would face a serious
threat of torture if rendered to a Tunisian prison.  He cites to
reports of international organizations that document torture of
prisoners and police brutality in Tunisia.  Rahman's serious health
problems, his Tunisian ex poste facto conviction in absentia, and
his allegations of the indiscriminate use of torture in Tunisian
prisons demonstrate the devastating and irreparable harm he is
likely to face if transferred.

-3-

On June 29, 200, the Supreme Court granted certiorari to review the merits of our Court of Appeals' decision in <u>Boumediene v. Bush</u>, 476 F.3d 981 (D.C. Cir. 2007) ("<u>Boumediene</u>"). <u>Boumediene v. Bush</u>, 127 S. Ct. 30, 2007 WL 1854132 (200 ; <u>Al Odah v. United States</u>, 127 S. Ct. 306, 2007 WL 681992 (2007). The petitions for certiorari challenge, <u>inter alia</u>, the Court of Appeals' decision that aliens captured or detained by the United States outside of the United States do not have a constitutional or common law right to challenge their detentions via habeas corpus petitions. <u>See</u> Petition for a Writ of Certiorari at i, <u>Al Odah v. United States</u> (No. 06-1196)). The resolution of that question is likely to directly affect the outcome of the instant case.

The Supreme Court's decision to grant certiorari in <u>Boumediene</u> constituted a reversal of its previous denial of certiorari. Such reversals are rare. To grant certiorari on rehearing requires the votes of five justices, not just the four required to grant certiorari on an initial application. <u>See</u> Sup. Ct. R. 44.1. Although the agreement of five justices on certiorari certainly does not predict the outcome on the merits, it does demonstrate the Supreme Court's recognition of the importance of the case. <u>Boumediene v. Bush</u>, 127 S. Ct. 1478 (2007). Rule 10 of the Supreme Court Rules provides for a grant of certiorari where "an important question of federal law that has not been, but should be, settled by th[e Supreme] Court, or has decided an important federal

question in a way that conflicts with relevant decisions of th[e Supreme] Court."[4]   The extraordinary grant of certiorari on rehearing indicates the Supreme Court's view that this case raises an important federal question, and that there is a need for comprehensive and thorough reexamination of the Court of Appeals' decision.

The Government responds that despite the Supreme Court's grant of certiorari, the Court of Appeals' decision in <u>Boumediene</u> controls until the Supreme Court has ruled.  However, the Court of Appeals' decision, on July 27, 2007, to affirmatively withdraw the mandate in <u>Boumediene</u> suggests, at a minimum, the Court of Appeals' inclination to await the Supreme Court's final ruling.

In addition, it is well-settled that an appellate decision is not final until the mandate is issued.  Fed. R. App. P. 41(c) advisory committee's note, 1998 amendment ("A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed.").   Absent a mandate, whether because it has not yet issued or because it has been withdrawn, the court of appeals retains jurisdiction and the decision may be modified or rescinded.  <u>See Deering Milliken, Inc. v. FTC</u>, 647 F.2d 1124, 1129 (D.C. Cir. 1978).  Recalling the mandate sends a strong signal that the decision may well be

_____

[4] The two other Rule 10 considerations are not applicable to this case.

modified or rescinded, and deprives a previously final decision of its finality. _See_ _Calderon v. Thompson_, 523 U.S. 550, 557-58 (1998).

When these two factors--the Supreme Court's highly unusual grant of certiorari in rehearing and the Court of Appeals' withdrawal of the mandate in _Boumediene_--are considered together, they cast a deep shadow of uncertainty over the jurisdictional ruling of that decision. Given this procedural posture, and the dire irreparable harm Rahman fears, it is imperative that the Court protect its jurisdiction until the Supreme Court issues a definitive ruling in _Boumediene_.

It is well-settled that this Court has jurisdiction to determine its own habeas jurisdiction. _See_ _Hamdan v. Rumsfeld_, 126 S. Ct. 2749 (2006); _Rasul v. Bush_, 542 U.S. 466 (2004); _United States v. Ruiz_, 536 U.S. 622, 627 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."). The Court also has the related power, pursuant to the All Writs Act, 28 U.S.C. § 1651, to "issue all writs necessary or appropriate in aid of [its] jurisdiction . . . ." _See also_ _United States v. United Mine Workers_, 330 U.S. 258, 290 (1947) ("[T]he District Court unquestionably had the power to issue a restraining order for the purpose of preserving existing conditions pending a decision upon its own jurisdiction."). Our Court of Appeals has already declined to vacate decisions of this District Court granting such interim

relief.  See Al Gincz v. Bush, No. 06-5191, slip op. at 2 (D.C. Cir. June 7, 2007).  That consolidated appeal considered the decision of a judge of this District Court to issue a 30-day notice order in order to protect the court's jurisdiction.  Significantly, our Court of Appeals considered the validity of that 30-day notice order after issuance of its decision in Boumediene, and it declined to vacate the District Court ruling.  See id.  It may be inferred from that ruling that the Court has the power to grant the injunction requested in this case to preserve the status quo pending the Supreme Court's decision in Boumediene.

In view of the grave harm Rahman has alleged he will face if transferred, it would be a profound miscarriage of justice if this Court denied the Motion based on the Court of Appeals' decision in Boumediene and the Supreme Court later reversed or modified that decision.  At that point, the damage would have been done.  As then-Chief Judge Wald observed regarding an appeal of a district court injunction, a justice system that did not allow courts to "provide interim relief to ensure the survival in the coming months of the alien claimants in this case" pending the Supreme Court's decision in a separate controlling case would be "a cruel and irrational system of justice indeed."  Ayuda v. Thornburgh, 919 F.3d 153, 154, 156 (D.C. Cir. 1990) (Wald, C.J., dissenting).

Finally, the Government suffers absolutely no harm from entry of the Preliminary Injunction, whereas the failure to grant Rahman

the interim relief he seeks--relief necessary to ensure his survival until the Supreme Court rules--would be irremediable if Boumediene is reversed.

Accordingly, it is hereby

**ORDERED** that Petitioner's Motion for Preliminary Injunction Pursuant to FRCP 56(a) is **granted**.

DATE: Oct 2, 2007

Gladys Kessler
United States District Judge

**Copies to:  Attorneys of Record via ECF**

# EXHIBIT Q

# United States Court of Appeals

#### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 07-5237                                September Term, 2007

05cv01487

Filed On: December 27, 2007

[1086281]

Jawad Jabbar Sadkhan,
          Appellant

          v.

George W. Bush, President of the United States, et
al.,
          Appellees

BEFORE:     Rogers, Garland, and Griffith, Circuit Judges

#### O R D E R

Upon consideration of the motion for partial remand, the opposition thereto, and the reply; and the cross-motion for summary affirmance and the opposition thereto, it is

**ORDERED** that the case be remanded to allow the district court to consider the pending motion for reconsideration under Federal Rule of Civil Procedure 60(b). See Hoai v. Vo, 935 F.2d 308, 312 (D.C. Cir. 1991); Smith v. Pollin, 194 F.2d 349, 350 (D.C. Cir. 1952) (per curiam). It is

**FURTHER ORDERED** that the cross-motion for summary affirmance be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. 41(b); D.C. Cir. Rule 41.

#### Per Curiam

# EXHIBIT R

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUZATULLAH, et al.              :
                               :
     Petitioners,              :
                               :
     v.                        :          Civil Action No.
                               :             06-1707 (GK)
ROBERT GATES,_____          :
     Secretary, United States  :
     Department of Defense, et al.,  :
                               :
     Respondents.              :
_____:

## ORDER

This matter is before the Court on Respondents' Motion to Dismiss Second Amended Petition for Lack of Jurisdiction [Dkt. No. 15].

On June 29, 2007, the Supreme Court granted certiorari to review the merits of our Court of Appeals' decision in Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007). Accordingly, it is hereby

ORDERED that Respondents' Motion to Dismiss Second Amended Petition for Lack of Jurisdiction [Dkt. No. 15] is **denied without prejudice** until the Supreme Court has ruled definitively on the issue of this District Court's jurisdiction.


                                        /s/
September 13, 2007                 _____
                                  Gladys Kessler
                                  United States District Judge


**Copies to:  Attorneys of Record via ECF**

# EXHIBIT S

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AL-OSHAN *et al.*, | : | |
| Petitioners/Plaintiffs, | : | |
| v. | : | Civil Action No.: 05-0520 (RMU) |
| BUSH *et al.*, | : | |
| Respondents/Defendants | : | |

| | | |
|---|---|---|
| TUNAMI *et al.*, | : | |
| Petitioners/Plaintiffs, | : | |
| v. | : | Civil Action No.: 05-0526 (RMU) |
| BUSH *et al.*, | : | |
| Respondents/Defendants. | : | |

| | | |
|---|---|---|
| SOHAIL, | : | |
| Petitioner/Plaintiff, | : | |
| v. | : | Civil Action No.: 05-0993 (RMU) |
| BUSH *et al.*, | : | |
| Respondent/Defendants. | : | |

AL-KARIM *et al.*,

    Petitioners/Plaintiffs,

    v.

BUSH *et al.*,

    Respondents/Defendants.

:
:
:
:
:
:
:
:

Civil Action No.: 05-0998 (RMU)

AL-HELA *et al.*,

    Petitioners/Plaintiffs,

    v.

BUSH *et al.*,

    Respondents/Defendants.

:
:
:
:
:
:
:
:

Civil Action No.: 05-1048 (RMU)

ZALITA *et al.*,

    Petitioners/Plaintiffs,

    v.

BUSH *et al.*,

    Respondents/Defendants.

:
:
:
:
:
:
:
:

Civil Action No.: 05-1220 (RMU)

AL-HATIM *et al.*,    :

    Petitioners/Plaintiffs,    :

    v.    :    Civil Action No.: 05-1429 (RMU)

BUSH *et al.*,    :

    Respondents/Defendants.    :

KIYEMBA *et al.*,    :

    Petitioners/Plaintiffs,    :

    v.    :    Civil Action No.: 05-1509 (RMU)

BUSH *et al.*,    :

    Respondents/Defendants.    :

RABBANI *et al.*,    :

    Petitioners/Plaintiffs,    :

    v.    :    Civil Action No.: 05-1607 (RMU)

BUSH *et al.*,    :

    Respondents/Defendants.    :

3

ALKHEMIS] *et al.*,                          :

    Petitioners/Plaintiffs,            :

    v.                                 :    Civil Action No. 05-1983 (RMU)

BUSH *et al.*,                               :

    Respondents/Defendants.            :

---

AL HALMANDY *et al.*,                        :

    Petitioners/Plaintiffs,            :

    v.                                 :    Civil Action No. 05-2385 (RMU)

BUSH *et al.*,                               :

    Respondents/Defendants.            :

---

AL-DELEBANY *et al.*,                        :

    Petitioners/Plaintiffs,            :

    v.                                 :    Civil Action No.: 05-2477 (RMU)

BUSH *et al.*,                               :

    Respondents/Defendants.            :

4

NASEER *et al.*,                                    :

    Petitioners/Plaintiffs,            :

        *v.*                           :       Civil Action No. 06-1689 (RMU)

BUSH *et al.*,                                      :

    Respondents/Defendants.            :

---

AL-ZARNOUQI *et al.*,                               :

    Petitioners/Plaintiffs,            :

        *v.*                           :       Civil Action No.: 06-1767 (RMU)

BUSH *et al.*,                                      :

    Respondents/Defendants.            :

---

## MEMORANDUM ORDER

GRANTING THE PETITIONERS' MOTIONS FOR RECONSIDERATION;
VACATING THE COURT'S ORDER DISMISSING THE CASES; STAYING THE CASES; AND
DIRECTING THAT THE PROTECTIVE ORDER AND COUNSEL ACCESS RULES
REMAIN IN EFFECT FOR THE DURATION OF THE STAY

On September 20, 2007, this court dismissed these cases pursuant to the D.C. Circuit

decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078

(U.S. June 29, 2007) (No. 06-1195). In so doing, the court relied on the Circuit's conclusion that

the district courts lack jurisdiction over the petitioners' cases. Order (Sept. 20, 2007). In the

5

week following the court's order. many of the petitioners moved the court to reconsider this order

of dismissal.

Upon careful consideration of the petitioners' concerns and the government's responses,

this court determines the appropriate course of action is to vacate its dismissal and stay the

above-captioned cases.  Such action maintains the status quo ante with regard to counsel's access

to the petitioners,[1] aligns the court with recent decisions in related cases,[2] and harmonizes

jurisdictional questions between this court and the D.C. Circuit.[3]  Accordingly, it is this 5th day

of October, hereby

**ORDERED** that the petitioners' motions for reconsideration are **GRANTED**; and it is

**FURTHER ORDERED** that the court's order dismissing the cases is **VACATED**; and it

is

**ORDERED** that the cases are **STAYED**; and it is

**FURTHER ORDERED** that the protective orders and counsel access rules remain in

effect for the duration of the stay.

---

[1]   This court expresses no small concern over the Department of Justice precipitously disrupting petitioners' access to their counsel.

[2]   As Judge Kessler has recently noted, the extraordinary procedural dispositions in *Boumediene* "cast a deep shadow of uncertainty" over this court's jurisdiction to resolve the petitioners' claims. *Ruzatullah v. Gates*, No. 06-1707, Order at 5 (Oct. 2, 2007).

[3]   On September 7, 2007, the D.C. Circuit recalled its mandate in *Kiyemba v. Bush*, No. 05-11509, directing the Clerk of the United States District Court for the District of Columbia to "return forthwith . . . the mandate issued May 10, 2007." *E.g.*, *Naseer v. Bush*, Mot. for Reconsid., Ex. D.  Even though *Kiyemba* was before this court in the first instance, the first notice the court received of the recalled mandate was in the form of an exhibit to the petitioners' motions for reconsideration.  *Id.*  It should come as no surprise that expeditious and accurate docket management is hindered by the absence of information upon which the court can be expected to rely when disposing of cases.

SO ORDERED.

                              RICARDO M. URBINA
                              United States District Judge

7