Filed with the CSO on June 16, 2008
Cleared for public filing by the DOJ on June 17, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SALIM SAID**, *et al.*, ) | |
| ) | |
| **Petitioners,** ) | |
| ) | |
| v. ) | No. 1:05 CV 2384 (RWR) |
| ) | |
| **GEORGE W. BUSH**, *et al.*, ) | |
| ) | |
| **Respondents.** ) | |

**MEMORANDUM IN SUPPORT OF
PETITIONERS' EMERGENCY MOTION TO
<u>LIFT STAY AND SET A SCHEDULING CONFERENCE</u>**

Petitioners Saad Al Qahtani and Mohammed Zahrani respectfully request that the Court lift the existing stay of proceedings and schedule a conference to establish a calendar for deciding the merits of these petitions for writ of *habeas corpus*.

Petitioners have been detained at Guantánamo for more than six years. Respondents have not charged them with any crime. Rather, Respondents assert that Petitioners – like the other 775 men Respondents have held at Guantánamo – are "enemy combatants" who may be detained indefinitely until the end of the War on Terror. Petitioners challenged the legality of their detention in petitions for writ of *habeas corpus* filed on December 13, 2005. Since that time, proceedings on the merits have been stayed pending the disposition of *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (U.S. June 92, 2007), *rev'd*, 533 U.S. ___ (June 12, 2008).

After the Court of Appeals ruled that the Military Commission Act of 2006 retroactively barred *habeas* claims like those of Petitioners, Respondents moved to dismiss this case. On

July 2, 2007, this Court denied Respondents' motion and, instead, continued the stay pending the Supreme Court's review of *Boumediene*. The Court also ordered the case administratively closed and directed the parties to move to reopen or dismiss the case within ten days of the Supreme Court's disposition of *Boumediene*.

While the stay was in effect, Respondents transferred three petitioners in this case to their home countries: Anwar Al Shimmiri Al Nour (Dkt. 61), Bandar Al Jaabir (Dkt. 73), and Salim Said (Dkt. 75). To counsel's knowledge, Petitioners Al Qahtani and Mohammed Zahrani remain imprisoned at Guantánamo.

On April 1, 2008, the undersigned counsel requested a meeting with Mr. Al Qahtani on June 30 and July 2, 2008. Despite several reminders and inquiries to Respondents' counsel, Respondents have neither approved nor refused to approve the meeting. The purposes of the meeting are, among other things, to discuss the Supreme Court's *Boumediene* decision and to prepare for upcoming proceedings in this case in light of *Boumediene*.

On June 12, 2008, the Supreme Court held that Section 7 of the Military Commissions Act of 2006 – which purports to strip the Court of jurisdiction to hear Petitioners' *habeas* claims – violates the Suspension Clause of the U.S. Constitution. The Supreme Court placed special emphasis on the long period of Petitioners' detention without any judicial hearing on the merits:

> In some of these cases six years have elapsed without the judicial oversight that habeas corpus or an adequate substitute demands. And there has been no showing that the Executive faces such onerous burdens that it cannot respond to habeas corpus actions. . . . The detainees in these cases are entitled to a prompt habeas corpus hearing.

*Boumediene v. Bush*, 533 U.S. ___, slip op. (majority) at 66 (June 12, 2008).

Courts have long recognized "the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Braden v. 30th Jud. Cir.*

2

*Ct. of Ky.*, 410 U.S. 484, 490 (1973) (quoting *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923)); *see also Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir. 1969) ("This is a habeas corpus proceeding, and thus particularly inappropriate for any delay."). Deciding *habeas* cases promptly is especially important where a petitioner has been afforded no judicial review whatsoever. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *INS v. St. Cyr*, 533 U.S. 289, 301 (2001).

Petitioners have been imprisoned for more than six years without any judicial review of the merits of their claims or the legality of their detention. Accordingly, Petitioners respectfully request that the Court lift the stay, direct Respondents to permit the client meeting that Petitioners' counsel requested on April 1, 2008, and schedule a status conference to calendar the matter for expedited determination of the merits of Petitioners' *habeas* claims.

Dated: June 17, 2008

Respectfully submitted,

\_\_/s/ David DeBruin_____
One of the Attorneys for the Petitioners
Saad Al Qahtani and Mohammed Zahrani

David W. DeBruin (DDC Bar No. 337626)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W., Suite 1200
Washington, DC  20005-3823
Tel: (202) 639-6000
Fax: (202) 639-6066

*Of Counsel*
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

Patricia A. Bronte
Sapna G. Lalmalani
JENNER & BLOCK LLP
330 North Wabash Ave.
Chicago, IL  60611
Tel: (312) 923-8357
Fax: (312) 840-7757